FRANK GIBBS ET UX. v. ELWOOD BARTON.

J. FRANK McDAVITT ET UX. v. ELWOOD BARTON.

Decided October 7, 1925.

**Negligence—Motor Vehicle Collision—Verdict Not Found Excessive—Withdrawal of a Juror is Not a Right of Party Claiming Injury, But is a Matter Within Discretion of Court, Not To Be Interfered With Unless Abused.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Kalisch & Kalisch.*

*Contra, William A. Dolan, Frederic B. Scott* and *John E. Morrissey.*

PER CURIAM.

These suit were instituted by the respective plaintiffs to recover compensation for injuries severally received by them in an automobile collision between a car of the defendant and a car of the plaintiff McDavitt, in which he and his wife, and Gibbs and his wife, were riding. The jury found that the responsibility for the accident was due solely to the negligence of the defendant, and awarded the plaintiff Frank Gibbs, $10,000; his wife, $5,000; J. Frank McDavitt, $3,000, and his wife, $2,000.

The principal ground upon which we are asked to set aside these verdicts is that they are each of them excessive. If the injuries of the respective plaintiffs were as severe as the proofs offered by them showed, the verdicts cannot properly be condemned excessive. The jury evidently believed the testimony offered by the plaintiffs as to the character and

seriousness of the injuries received by each of them, and we cannot say they were not justified in so doing. We conclude, therefore, that the several verdicts ought not to be set aside upon this ground.

The next contention is that the trial court erred in refusing to direct the withdrawal of a juror and declaring a mistrial, upon the request of the defendant's counsel, after it had been brought out in the testimony, over the objection of defendant's counsel, that the latter carried insurance. We think this refusal on the part of the trial court does not justify an award of a new trial. The withdrawal of a juror and the declaring of a mistrial are not rights existing in the party who claims to have been injured by the admission of incompetent testimony, but are matters resting in the discretion of the trial court. And the action of that court ought not to be interfered with by us unless it is apparent that such discretion was abused. That, we think, cannot be said in the present case.

The only other ground urged for setting aside these verdicts is that the trial court improperly admitted testimony relating to statements made by the defendant on the question of liability. This testimony, of course, was competent.

The rule to show cause will be discharged.