EDWARD STILES AND EMILY STILES, RESPONDENTS, v.
ELWOOD MacLEAN, APPELLANT.

FRANCES FINCH AND JOSEPH FINCH, RESPONDENTS, v.
ELWOOD MacLEAN, APPELLANT.

Argued January 18, 1927—Decided July 5, 1927.

1. The refusal of the trial judge to withdraw a juror and declare a
   mistrial on motion of the remaining defendant, after a voluntary
   nonsuit had been entered as to an insurance company originally
   joined as a party defendant, upon failure of proof as to it, will
   not lead to a reversal in the absence of any indication that the
   insurance company was made a party for the purpose of preju-
   dicing the jury, since such refusal is within the discretion of the
   trial judge, and will not be interfered with on appeal in the
   absence of abuse.

2. Where a rule to show cause why a verdict should not be set
   aside is allowed, with exceptions reserved, and the party obtain-
   ing the rule specifies, as his reasons for asking that it be made
   absolute, the matters upon which the reserved exceptions are
   based, and, upon the return of the rule, argues those matters, and
   the court afterwards considers and determines them, the excep-
   tions are to be considered as abandoned with the approval of the
   court, and the right to have them reviewed by an appellate
   tribunal is lost.

3. Plaintiff's witness, an expert orthopedic surgeon, first testified
   to the serious and permanent injury to the plaintiff's spine as
   disclosed by his physical examination, and later testified that
   X-ray plates, that were lost and not produced, but which he had
   examined, confirmed his diagnosis—*Held*, that this latter testi-
   mony did not affect the substantial rights of the parties, since
   there was not the slightest suggestion that the witness placed any
   reliance on the X-ray plates, except to confirm his diagnosis
   made independently thereof, the accuracy of which was not ques-
   tioned at the trial and not seriously questioned on appeal.

4. A request to charge which ignores and excludes from the con-
   sideration of the jury competent and material evidence admitted
   at the trial should be refused.

On appeal from the Atlantic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-
CHARD.

For the appellant, *Bolle & Tripician* (*Cole & Cole,* of counsel).

For the respondents, *Emerson L. Richards.*

The opinion of the court was delivered by

TRENCHARD, J. These two cases were tried below and have been argued here together. Their basis was an automobile accident. Both Mrs. Stiles and Mrs. Finch were injured. They were crossing Connecticut avenue at the junction of Atlantic avenue, in Atlantic City, when they were run down by the automobile of the defendant and seriously hurt.

In the Finch case the jury awarded Mrs. Finch $15,000, which was afterwards, on the rule to show cause, reduced to $12,500, and the husband $5,000. In the Stiles case the jury awarded Mrs. Stiles $1,000 and her husband nothing. The defendant appeals from the judgment entered upon each verdict.

These two suits as originally instituted joined the Georgia Casualty Company as a party defendant, claiming that it had insured the defendant MacLean against actions of the kind stated in the complaints, and had obligated itself to pay any persons injured compensation for such injury. At the close of the plaintiff's case, they not having been able to prove any such contract, a voluntary nonsuit was entered as to the Casualty company in each case. Thereupon, the defendant MacLean moved the court to withdraw a juror and declare a mistrial on the ground that the Casualty company was made a party merely for the purpose of prejudicing the jury. The trial court considered this contention ill-founded, and refused the motion. That refusal is made the basis of the first ground for reversal.

Motions of this character are directed to the discretion of the trial court, and the action of the trial judge thereon will not be interfered with in the absence of abuse. Here, there was no abuse of that discretion, there being nothing to indicate that the Casualty company was made a party for the purpose of prejudicting the jury. *Gibbs* v. *Barton,* 130 *Atl. Rep.* 439.

Moreover, it seems that we are not concerned with this question. It appears that after the rendition of these verdicts in favor of the plaintiffs, the defendant obtained rules to show cause why such verdicts should not be set aside, in which all exceptions were reserved. On the return of the rules, one of the grounds for making them absolute, as appears from the opinion of Judge Lawrence, the trial judge, was that the making of the Casualty company a party defendant was prejudicial to the defendant and warranted the withdrawal of a juror and the declaring of a mistrial. The judge considered this contention unsound, and refused to make the rule absolute upon this ground. Having argued this matter on the rule to show cause, the defendant has barred himself from again raising the question on appeal. For the rule is that where a rule to show cause why a verdict should not be set aside is allowed, with exceptions reserved, and the party obtaining the rule specifies, as his reasons for asking that it be made absolute, the matters upon which the reserved exceptions are based, and, upon the return of the rule, argues those matters, and the court afterwards considers and determines them, the exceptions are to be considered as abandoned with the approval of the court, and the right to have them reviewed by an appellate tribunal is lost. See *Catterall* v. *Otis Elevator Co., ante, p.* 381, and cases there cited.

The next contention is that the court improperly permitted Dr. Mann, a witness called by the plaintiff Mrs. Finch, to testify as to what the X-ray plates, which were not produced in court, disclosed as to the condition of Mrs. Finch.

We think that defendant's argument is broader than the exceptions warrant. The proofs show that the witness, an expert orthopedic surgeon, had seen and examined the plates; that they were afterwards lost and could not be produced in court, and that he had made four physical examinations of Mrs. Finch.

As we read his testimony, to which exception was taken, it was, in effect, that his physical examination disclosed serious and permanent injury to the spine, which his exam-

ination of the X-ray plates confirmed, and there is not the slightest suggestion that the witness placed any reliance on the X-ray plates except to confirm his diagnosis made independently thereof, the accuracy of which was not questioned at the trial and is not now seriously questioned. Under these circumstances we find no exception here affecting the substantial rights of the parties which calls for a reversal of the judgment. *Marion* v. *B. G. Coon Con. Co.* (*New York Court of Appeals*), 110 *N. E. Rep.* 444.

The next ground for reversal is that the court improperly refused to charge the jury that there was no evidence before them as to the inability of Mrs. Finch to bear children and to have the usual marital sexual relations with her husband as the result of the accident.

We think that the trial court properly charged upon this subject, and properly refused the request. Moreover, this subject-matter was made a basis for the argument on the rule to show cause for making that rule absolute, as appears from the opinion of the judge. That question having been considered and disposed of on the argument of the rule, it is not now properly before us, for the reason hereinbefore stated.

The next ground for reversal is directed at the verdict in the Stiles case, and is based upon the refusal of the trial court to charge the following request: "That there is no evidence before you that the injuries sustained by Mrs. Stiles have caused impairment of her vision." In his argument in support of this point, counsel for the appellant states that the testimony was *very meager.* This statement is an indication that the question was for the jury and not for the court. Moreover, we think there was ample evidence to justify a finding that such impairment existed and was the result of the accident. Since the request ignored and excluded from the consideration of the jury competent and legal evidence admitted at the trial it was properly refused. *Heitman* v. *Kaltenbach & Stephens,* 95 *N. J. L.* 118.

Lastly, it is argued that the court erred in its charge to the jury with relation to the rules of liability and duties on the part both of the plaintiffs and the defendant, and in refusing to charge defendant's fifth request relative to the

duty of the plaintiffs in crossing the street. But our read-ing of the charge leads us to the conclusion that this conten-tion is ill-founded in point of fact. We think that the charge was correct and that it covered the request in substance and effect.

The judgments under review will be affirmed, with costs.