119 N.J. Super. 243 (1972)
291 A.2d 22
CAROL J. BARTELL, PLAINTIFF, AND WILLIAM E. BARTELL, PLAINTIFF-RESPONDENT,
v.
ANTHONY J. RAZZANO AND KRAMER TRUCKING COMPANY, INC., DEFENDANTS-APPELLANTS, AND ANTHONY J. RAZZANO, THIRD PARTY PLAINTIFF,
v.
MICHAEL TORTORELLO, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1971.
Decided May 17, 1972.
*244 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Amos C. Saunders argued the cause for appellant Kramer Trucking Company, Inc. (Mr. Aaron Dines, of counsel and on the brief; Messrs. Dobrin, Muscarella & Saunders, attorneys).
Mr. J. Noble Sellarole, attorney for appellant Anthony J. Razzano, filed a statement in lieu of brief.
Mr. Peter A. Benz argued the cause for respondent William E. Bartell.
Mr. Allen C. Mathias argued the cause for third-party defendant (Mr. George A. Price, of counsel and on the brief; Messrs. Stevens & Mathias, attorneys).
PER CURIAM.
Defendant Kramer Trucking Co., Inc. appeals on several grounds from a judgment on a jury verdict *245 in favor of plaintiff in a motor vehicle negligence action. We affirm.
Defendant urges as a ground for appeal error in the admission of a doctor's testimony relating to his interpretation of certain X-rays. Defendant's position is that such testimony should not be admitted without a prior introduction of the X-rays in evidence. It would appear that the precise question has not heretofore been determined by an appellate court in New Jersey. Stiles v. MacLean, 103 N.J.L. 537 (Sup. Ct. 1927), in which the X-ray plates in question had been lost, avoided a determination in finding that there was "not the slightest suggestion that the witness placed any reliance on the X-ray plates except to confirm his diagnosis made independently thereof, * * *." Lack of specificity in the objection mooted the issue in Paparazzo v. Perkel, 16 N.J. Super. 128 (App. Div. 1951). The argument here is forwarded on the basis of the so-called best evidence rule, Evidence Rule 70. We doubt that X-ray plates are a "writing" within the purview of that rule. Unlike a will or a contract, an X-ray plate most probably has little meaning for a lay jury except in the context of a properly qualified expression of expert opinion. It seems to us that the nature of the X-ray plate and its proper position in the trial of a medical issue is entirely dependent upon a testimonial process far outside the contemplation of Evidence Rule 70.
Beyond this consideration, we see no reason why a properly qualified doctor should be denied expression of an opinion with regard to his interpretation of X-rays without introduction of the X-rays in evidence.
Obviously, this pragmatic recognition of the nature of X-rays, including, as aforementioned, the likely unintelligibility to a lay jury without expert interpretation, requires some safeguards. Despite our acknowledgment that there are other jurisdictions which have adopted a rule contrary to that which we here enunciate, we are of the opinion that the better rule is that stated by Wigmore:
*246 In view of this importance of [X-ray] interpretation, a witness who testifies orally to knowledge obtained by studying an X-ray photograph must be prepared to produce the photograph-print (and the original plates also, if desired) for cross-examination to the grounds of his interpretation. [3 Wigmore, Evidence § 795, at 246 (Chadbourn rev. 1970); emphasis is the author's]
We hold that properly qualified opinion testimony predicated in whole or in part upon observation of X-rays is not inherently inadmissible by virtue of the failure of the party to introduce the X-rays in evidence or, absent demand, to produce them at the time of testimony. We recognize, as does Wigmore, that, unless there are other considerations not presently before us and concerning which we here express no opinion, fairness and the constant search of the court for the truth require that the proponent of such testimony be prepared to produce the X-rays for cross-examination upon demand. Such a requirement will effectively insure the opportunity for adequate cross-examination and provide for the opponent an availability of the X-rays to be offered in evidence if that course appears advisable to him.
In the instant matter, there was no demand. There was simply an objection on the basis of the X-rays neither being offered nor in court. The witness proffered a perfectly reasonable explanation for the absence of the X-rays, testifying that he had come to court directly from the hospital and simply did not have the X-rays with him. Even then there was no demand from defendants for their production, although it appears that defendants knew or should have known from pretrial discovery of the witness' reliance on X-rays which had been taken. Accordingly, we find no error in the admission here of the impugned testimony.
Denial of defendant's motion for judgment at the end of plaintiff's case was not error. The motion was based on a purported lack of evidence of agency between the trucking company defendant, owner of the trailer, and the driver who also owned the tractor. While a reasonable argument is *247 made to the effect that the fact of a written contract here between the driver and the trucking company brings the matter within the purview of Cox v. Bond Transportation, Inc., 53 N.J. 186 (1969), cert. den. 395 U.S. 935, 89 S.Ct. 1999, 23 L.Ed.2d 450 (1969), we do not reach that point and express no opinion thereon. The fact is that the trucking company had leased the tractor from its owner by written instrument. In these circumstances, as in cases where one other than the owner is driving a car (Harvey v. Craw, 110 N.J. Super. 68, 73 (App. Div. 1970), certif. den. 56 N.J. 479 (1970)), a presumption arises that the driver is operating the vehicle as the agent of such lessee. When that presumption is unrebutted, as here, a jury question is presented.
The insistence of the trial judge that the trial commence as scheduled was not error. The granting of an adjournment is within the sound discretion of the trial court. Stott v. Greengos, 95 N.J. Super. 96, 100 (App. Div. 1967). The trial court's refusal here to grant a motion for adjournment was not in our view a mistaken exercise of discretion in all the circumstances of this particular case.
We have considered appellant's arguments criticizing the charge, complaining of excessiveness in the verdict, and challenging the trial court's action in denying defendant's motion for a new trial, and find these to be without merit.
Affirmed.