**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1794-15T3

ASIA O'BRIEN,

    Plaintiff-Appellant,

v.

MOUNTAINSIDE HOSPITAL,

    Defendant-Respondent,

and

DR. PENG, DR. R. DE MARSICO,
R. SCHEPIS, R.N., J. BENECH,
R.N., E. TOPOLENSKI, R.N.,
E. DARISH, R.N., B. ROSS,
C. BROWN, and V. YIRKA,

    Defendants.

_____

        Argued March 16, 2017 — Decided October 16, 2017

        Before Judges Espinosa and Suter.

        On appeal from the Superior Court of New
        Jersey, Law Division, Essex County, Docket No.
        L-0594-13.

        Brian M. Dratch argued the cause for appellant
        (Franzblau Dratch, attorneys; Mr. Dratch on
        the briefs).

Anthony Cocca argued the cause for respondent (Bubb, Grogan & Cocca, LLP, attorneys; Mr. Cocca, of counsel and on the brief).

The opinion of the court was delivered by

SUTER, J.A.D.

Plaintiff Asia O'Brien appeals the November 10, 2015 summary judgment order that dismissed with prejudice her litigation against defendant Mountainside Hospital (Mountainside) and the December 18, 2015 order that denied reconsideration. We affirm both orders. The trial judge did not abuse her discretion in denying plaintiff's second request for an adjournment of the summary judgment motion, in granting that motion, which was unopposed, in denying recusal when there was no evidence of bias and in denying reconsideration.

In January 2013, plaintiff filed a medical malpractice complaint against Mountainside, seeking damages because of a scar on her face that she alleges occurred from a scratch sustained in the hospital when she was a newborn. Mountainside filed for summary judgment after discovery closed in January 2015. The motion was denied without prejudice by the trial judge because the presiding judge extended discovery until the end of July, entering a scheduling order that required plaintiff to serve expert reports by the end of April 2015. Plaintiff missed that deadline.

Plaintiff's expert report was served in June 2015. The one page report by Dr. Carl DeFronzo (DeFronzo report), a Board certified obstetrician and gynecologist, stated that hospital records confirmed the presence of a "small scratch on [plaintiff's] right cheek." Because there was no notation about treatment, he opined "the incident was not handled properly and was a breach of standard of care." "[A]n incident report should have been filed immediately," and a "nurse supervisor should have been notified." A doctor should have "discussed the appropriate course of action," and "[t]he proper follow up procedure should have included wound care instructions for the parents as well as a follow up visit with the physician for evaluation."

Subsequently, the trial judge denied without prejudice two motions by Mountainside to dismiss the complaint, extended discovery for thirty days to permit plaintiff to depose a nurse, and prohibited plaintiff from serving additional expert reports. The trial judge denied plaintiff's request that she recuse herself. None of these orders are appealed.

On September 25, 2015, Mountainside again filed a motion for summary judgment. There were no other defendants in the case by that time. Although originally returnable on October 23, 2015, the motion was adjourned at plaintiff's request to November 6, to accord plaintiff time to respond. The motion alleged the DeFronzo

report was not sufficient to support the malpractice claim against the hospital.

Plaintiff served a supplemental report by Dr. DeFronzo (supplemental report) on October 9, which opined that if "prompt medical treatment" had been given to plaintiff as an infant "this treatment would have greatly improved her outcome." The report stated that "treatment intervention" could have included "ultra-fine sutures," "Steri-strips" or "medical glue." The doctor "inferred" from the size of the present scar that "the laceration must have been wide."

On November 6, around noon, a call was placed to the trial judge's chambers by a member of plaintiff's counsel's staff, requesting an adjournment of the summary judgment motion because the file "had fallen through the cracks." The trial court denied this request. Plaintiff did not file opposition. On November 10, 2015, the trial court granted the unopposed summary judgment motion, which dismissed the litigation with prejudice.

Plaintiff sought reconsideration of the November 10 order and requested to vacate it. Her counsel complained the court did not advise him the motion had been adjourned to November 6. Apparently, an in limine motion had been filed by Mountainside that raised the same issues because there had been a trial date for October 23, so counsel believed the summary judgment motion

was moot. He certified plaintiff had an expert with two reports and was ready to proceed.

The trial court denied the reconsideration motion on December 18, 2015, because plaintiff had not submitted any opposition to the summary judgment motion and thus, there was nothing to reconsider. The trial court again denied the motion to recuse.

Plaintiff appeals both the November 10, 2015 order granting summary judgment and the December 18, 2015 order that denied reconsideration and recusal. Plaintiff alleges the court abused its discretion in denying her request to adjourn the summary judgment motion, when "the same motion had been opposed on a prior occasion." Plaintiff appeals the summary judgment order because the trial court did not detail her findings of fact or conclusions of law in a written or oral opinion, citing to Rule 1:7-4. Plaintiff contends the expert reports are not net opinions because they "accurately delineate the standard of care, a deviation in that standard and proximate cause."

The decision whether to adjourn a motion is one left to the sound discretion of the court. Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003); see also Bartell v. Razzano, 119 N.J. Super. 243, 247 (1972); State v. Hayes, 205 N.J. 522, 537 (2011). Our review is limited to determining whether the trial court abused its discretion in denying the request. State v. Shalom Money St.,

LLC, 432 N.J. Super. 1, 7 (2013).  An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571, (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Here, there was no abuse of discretion in denying the request to adjourn the summary judgment motion.  The trial court already had granted one adjournment.  The second request, made orally on the return date of the motion, did not indicate that notice was given to the other side or adequately explain the need for an adjournment.  There already had been multiple motions for summary judgment in the case, discovery was closed, and further requests to extend discovery denied. The case had multiple trial listings. If counsel were unaware of the initial adjournment, as contended, that did not explain why opposition had not been filed.

The trial court granted summary judgment in favor of Mountainside on November 10, 2015, dismissing the complaint.  We review a trial court's orders granting or denying summary judgment under the same standard employed by the motion judge.  Globe Motor Co. v. Igdaley, 225 N.J. 469, 479 (2016); see also, Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016).  The question is whether the evidence, when viewed in a

light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law.  See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Here, the trial court did not issue a written or oral decision in support of the summary judgment order because the motion was unopposed.  Rule 1:7-4(a) provides that a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state [his or her] conclusions of law thereon in all actions tried without a jury . . . ."  "The Rule requires specific findings of fact and conclusions of law . . . ."  Pressler & Verniero, Current N.J. Court Rules, comment 1 on R. 1:7-4 (2017).

We agree with plaintiff that the trial court should have explained its decision on the record or issued a statement of reasons even though the summary judgment motion was unopposed. Based on the unopposed nature of the motion and our standard of review, however, we discern no error by the trial court in granting summary judgment.

The first expert report simply did not address the standard of care that was required, the deviation from that standard, or that the deviation proximately caused plaintiff's injuries.  See Gonzales v. Silver, 407 N.J. Super. 576, 586 (App. Div. 2009)

(describing the required elements of a medical malpractice case). Instead, the expert was critical of the hospital's record keeping, never suggesting how that proximately related to plaintiff's injury.

In October 2015, plaintiff served a supplemental report. This was well after the trial date was set and discovery concluded, and was served without an order granting permission. See R. 4:24-1(c); R. 4:24-2. It would not have been proper to consider the supplemental expert report under these circumstances. Plaintiff filed no opposition to the summary judgment motion, stating simply that she had an expert who issued two reports and she attached them. We discern no error by the trial court in granting summary judgment on this unopposed motion.

The trial court denied plaintiff's motion to reconsider or to vacate the November 10 summary judgment order. Reconsideration is appropriate only where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration may also be granted where "a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first

application." Ibid. Plaintiff never opposed the summary judgment motion or obtained permission to serve the supplemental report, giving the court no basis for reconsideration.

Plaintiff contends the trial judge erred in not recusing herself from the case. "[T]he key question that must be answered when a claim is made challenging a judge's impartiality is, '[w]ould a reasonable, fully informed person have doubts about the judge's impartiality?'" P.M. v. N.P., 441 N.J. Super. 127, 145 (App. Div. 2015)(alteration in original)(quoting DeNike v. Cupo, 196 N.J. 502, 517 (2008)). We have reviewed the entire record and find no evidence of bias in the court's rulings, which in fact gave significant latitude to plaintiff. Disagreement with the court's decision is not a basis to request recusal. See State v. Marshall, 148 N.J. 89, 186 (1997) (stating that "bias is not established by the fact that a litigant is disappointed in a court's ruling on an issue.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1794-15T3