229 N.J. Super. 37 (1988)
550 A.2d 1003
MICHAEL NERNEY, PLAINTIFF-APPELLANT,
v.
GARDEN STATE HOSPITAL, EUGENE COHEN, M.D., INDIVIDUALLY AND JOHN DOE CORPORATION, A PROFESSIONAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1988.
Decided November 23, 1988.
*38 Before Judges KING, ASHBEY and SKILLMAN.
Robert L. Gambell argued the cause for appellant (Riley & Di Camillo, attorneys; Robert L. Gambell, on the brief).
Herbert Kruttschnitt, III argued the cause for respondent Eugene Cohen, M.D. (Grossman & Kruttschnitt, attorneys; Herbert Kruttschnitt, III, of counsel and Nadine R. Stark, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Plaintiff suffered a fractured wrist on January 13, 1982, which he alleges defendant Dr. Eugene Cohen negligently failed to diagnose.[1] Plaintiff's X-rays, which Dr. Cohen examined on January 13th, were sent to Dr. Paul Friedman for evaluation on plaintiff's behalf. Dr. Friedman concluded that the X-rays showed evidence of a fractured wrist. However, Dr. Friedman lost or misplaced the X-rays. Consequently, they are *39 unavailable for use at trial. In addition, Dr. Cohen has been deprived of the opportunity to have an expert review the X-rays and render an opinion based thereon.
The trial court granted Dr. Cohen's motion to preclude plaintiff from presenting testimony regarding the contents of the misplaced X-rays, concluding that the absence of the X-rays deprived Dr. Cohen of a fair opportunity to defend the action. Subsequently, the trial court granted Dr. Cohen's motion for summary judgment on the grounds that without the X-rays or testimony regarding the contents of the X-rays, plaintiff lacked evidence of malpractice by Dr. Cohen.
We conclude that the existing record does not justify the exclusion of testimony regarding the contents of the misplaced X-rays. Therefore, we reverse and remand.
Unless the subject matter of proposed evidence is a "writing" subject to the "best evidence" rule, Evid.R. 70, the law of evidence does not impose any requirement that the proponent present the "original evidence" rather than testimony describing its contents or appearance. McCormick, Evidence, § 229 at 703 (3rd ed. 1984); see United States v. Duffy, 454 F.2d 809 (5th Cir.1972); Chandler v. United States, 318 F.2d 356 (10th Cir.1963). Therefore, unless an X-ray is a "writing" as defined by Evid.R. 1(13),[2] New Jersey's rules of evidence would impose no limitation upon the presentation of *40 testimony regarding its contents rather than the X-ray itself. Moreover, even if an X-ray is considered a "writing" subject to the best evidence rule, testimony regarding its contents would be admissible upon a showing that the X-ray has been lost or destroyed without fraudulent intent on the part of the party offering the evidence. See Evid.R. 70(1)(a).
The trial court's comments in granting Dr. Cohen's motion to bar testimony regarding the X-rays were rather cryptic. However, the court apparently based its ruling on general principles of fairness rather than any specific evidence rule. The trial court viewed the absence of the X-rays as severely prejudicing Dr. Cohen's ability to defend the action and thus concluded that plaintiff should suffer the adverse consequences of his expert's loss of the X-rays.
We agree that a party to civil litigation who negligently loses evidence may be barred from presenting testimony regarding that evidence. The negligent loss of evidence is comparable to a party's failure to comply with discovery obligations, which may result in an order barring the introduction of evidence at trial. R. 4:23-2(b)(2); see Clark v. Fog Contracting Co., 125 N.J. Super. 159 (App.Div. 1973), certif. den. 64 N.J. 319 (1973). Indeed, the prejudice to a party from the loss of evidence may be even greater than the prejudice resulting from a delay in the production of evidence due to a failure to comply with discovery obligations.
However, testimony regarding evidence which a party has negligently lost should be barred only if substantial prejudice to the other party would result. As when a party has failed to comply with its discovery obligations, a party who has negligently lost evidence should be given his day in court unless the other party would suffer undue prejudice. Cf. Westphal v. Guarino, 163 N.J. Super. 139, 146 (App.Div. 1978), aff'd 78 N.J. 308 (1978) ("This accords with the overriding objective of giving the defaulting party his day in court, with due regard, however, to protecting the opposing party from the effects of surprise or *41 other prejudicial factors"); see also Aujero v. Cirelli, 110 N.J. 566, 574-579 (1988); Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345-346 (1984). Indeed, even a criminal defendant must demonstrate substantial prejudice as a result of the prosecution's negligent loss or destruction of evidence in order to bar the State from presenting testimony regarding that evidence. California v. Trombetta, 467 U.S. 479, 488-491, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); State v. Hollander, 201 N.J. Super. 453, 478-480 (App.Div. 1985), certif. den. 101 N.J. 335 (1985); State v. Serret, 198 N.J. Super. 21, 26-27 (App.Div. 1984), certif. den. 101 N.J. 217 (1985); State v. Washington, 165 N.J. Super. 149, 155-156 (App.Div. 1979). The same approach has been followed in an administrative proceeding involving the suspension of a license. De Vitis v. New Jersey Racing Comm'n, 202 N.J. Super. 484, 494 (App.Div. 1985), certif. den. 102 N.J. 337 (1985). We perceive no reason why a civil litigant should be barred from proceeding with his case unless there is a comparable showing of substantial prejudice to the other party from the negligent loss of evidence. Cf. In re Rasnick, 77 N.J. Super. 380, 383-392 (Cty.Ct. 1962) (even where original evidence has been deliberately destroyed, copy may be admitted where no prejudice will result).
Our conclusion that the negligent loss of evidence may require the exclusion of testimony regarding that evidence only upon a showing that such testimony would substantially prejudice the other party is also supported by out-of-state authority. In Hernandez v. Pino, 482 So.2d 450 (Fla. Dist. Ct. App. 1986), the court reversed a summary judgment the trial court had granted in favor of a dentist sued for malpractice because plaintiff's attorney lost plaintiff's X-rays after they were sent to him by the dentist. The court stated:
Assuming that the X-rays were not intentionally made unavailable, the next inquiry would be whether [defendant] will be unable to mount a defense without them.
* * * * * * * *

*42 [I]n this case there was other admissible evidence available to defendant. Defendant himself is an expert in the subject area out of which the action arises. He reviewed the X-rays, made notations, and drew conclusions upon which he based his decision to extract all of plaintiff's teeth. In preparation for the litigation defendant then gave the X-rays to his own expert for review. The record is silent as to the availability of defendant's expert witness. [482 So.2d at 453].
See also Steinberg v. Ford Motor Co., 72 Mich. App. 520, 250 N.W.2d 115, 119-120 (1976).
The record before the trial court did not provide an adequate basis for a fully informed determination as to whether Dr. Cohen would be substantially prejudiced by the loss of the X-rays. In addition to the reports of Dr. Friedman and a subsequent treating physician which expressed the opinion that the fractured wrist was visible on the January 13th X-rays, the record consisted solely of a representation by plaintiff's counsel that Dr. Friedman had lost or misplaced the X-rays and an assertion by Dr. Cohen's counsel that the absence of the X-rays would prejudice his case. The record contains no affidavit by Dr. Friedman regarding the circumstances of the loss of the X-rays. Most importantly, the record contains no affidavit by Dr. Cohen, or by any expert he may have consulted, as to the significance of the absence of the X-rays in arriving at an opinion whether Dr. Cohen deviated from the standard of care applicable to practitioners in the field.
Consequently, we conclude that the issue of substantial prejudice to Dr. Cohen from the loss of the X-rays should be decided only after full consideration of the kind of fracture suffered by plaintiff, the circumstances of the loss of the X-rays, the basis for plaintiff's claim of malpractice against Dr. Cohen, the evidence which plaintiff will present in support of that claim, Dr. Cohen's defenses to the claim and the evidence which he anticipates presenting. Discovery should be completed before the trial court decides the issue of prejudice and, if appropriate, an evidentiary hearing should be held. Cf. Georgis v. Scarpa, 226 N.J. Super. 244, 253-254 (App.Div. 1988).
*43 Accordingly, the orders barring testimony regarding the January 13, 1982 X-rays and granting summary judgment in favor of Dr. Cohen are reversed and the matter is remanded to the trial court for further proceedings in conformity with this opinion.
NOTES
[1] Plaintiff's complaint also named Garden State Hospital and "John Doe Corporation" as defendants. Summary judgment was granted in favor of Garden State without opposition. Plaintiff pursued his complaint solely against Dr. Cohen and not against the fictitious corporate defendant.
[2] This rule defines "writing" as meaning "handwriting, typewriting, printing, photostating, photography and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, provided that such recording is (a) reasonably permanent and (b) readable by sight." In Bartell v. Razzano, 119 N.J. Super. 243, 245 (App.Div. 1972), we expressed doubt whether an X-ray falls within the definition of a "writing" contained in Evid.R. 1(13). The comments to the evidence rules state that such doubt is "probably wrong." Biunno, Current N.J. Rules of Evidence, Comment 1 to Evid.R. 70 (1988); see also Fed.R.Evid. 1001(2) and 1002. We find it unnecessary to pass upon this point, because the trial court's ruling barring testimony as to the contents of the X-rays must be reversed regardless of whether X-rays are considered "writings."