703 A.2d 1014

JOSEPH CALLAHAN, PLAINTIFF, v. STANLEY WORKS
AND HOME DEPOT, U.S.A., INC., DEFENDANTS.

Superior Court of New Jersey
Law Division
Monmouth County

Decided June 30, 1997.

490

*Vincent Manning,* Esq. for plaintiff Joseph Callahan.

*Thomas Regan,* Esq. for defendant Stanley Works.

*Julie Battista,* Esq. for defendant Home Depot U.S.A., Inc.

D'AMICO, J.S.C.

Plaintiff Joseph Callahan (Callahan) alleges that on December 31, 1993, he was employed at the Woodbridge, New Jersey, store of defendant Home Depot U.S.A., Inc. (Home Depot). Callahan and another Home Depot employee, who was operating a fork lift

or reach truck, were moving a pallet of storm doors between a storage rack and the selling floor. While doing so, the pallet and its load of doors tipped off the forks of the reach truck and struck Callahan, rendering him unconscious and causing him serious injuries.

Callahan originally filed suit against Stanley Works (Stanley), improperly pled as The Stanley Corporation, alleging negligent and careless packaging and shipping of the doors to Home Depot's store in Woodbridge, resulting in the creation of an unsafe and dangerous condition. Subsequently, Callahan amended the complaint to name Home Depot as a direct defendant, alleging that Home Depot negligently and carelessly lost or destroyed the pallet which may have been the instrument of the injury.

Stanley Works moves for summary judgment, arguing that the report of Callahan's expert constitutes a net opinion and is therefore inadmissible.[1] Home Depot moves to dismiss Callahan's complaint, arguing that New Jersey does not recognize the tort of negligent spoliation of evidence.

## NEGLIGENT SPOLIATION OF EVIDENCE

When determining whether to dismiss a complaint pursuant to Rule 4:6–2(e), "a reviewing court 'searches the complaint in depth and with great liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" *Printing Mart–Morristown v. Sharp Electronics Corp.*, 116 *N.J.* 739, 746, 563 *A.2d* 31 (1989) (quoting *Di Cristofaro v. Laurel Grove Memorial Park*, 43 *N.J.Super.* 244, 252, 128 *A.2d* 281 (App.Div.1957)). A motion to dismiss for failure to state a

---

[1] The court has concluded that the expert's report does not constitute a net opinion and hence is admissible. As this court's reasoning leading to this conclusion was based upon established case law and otherwise did not satisfy the criteria for publication, this portion of the opinion has been redacted for publication purposes.

claim should only be granted in the rarest of instances and if granted, it should be without prejudice in order to allow the plaintiff to file an amended complaint. *See Printing Mart–Morristown, supra,* 116 *N.J.* at 772, 563 *A.*2d 31.

In the present case, Callahan alleges in count four of his complaint that he has been damaged in his ability to demonstrate and prove the liability of Stanley due to Home Depot's alleged loss or misplacement of the subject pallet. The loss prevention supervisor employed by Home Depot, Michael Ippolito, states in his deposition testimony that he placed an evidence tag on the subject pallet shortly after the accident and put it away. Home Depot needed the pallet to investigate Callahan's workers' compensation claim in order to determine the cause of the accident. The complaint alleges that Home Depot lost or misplaced the pallet, thereby impairing Callahan's ability to prove his negligence claim against Stanley.

To date, New Jersey has not recognized the tort of negligent spoliation of evidence. In *Hirsch v. General Motors Corp.,* 266 *N.J.Super.* 222, 628 *A.*2d 1108 (Law Div.1993), the trial court noted:

New Jersey courts have not recognized negligent spoliation of evidence as an independent tort. *See Nerney v. Garden State Hosp.,* 229 *N.J.Super.* 37 [550 *A.*2d 1003] (App.Div.1988). In *Nerney v. Garden State Hosp., supra,* plaintiff alleged that defendant Dr. Eugene Cohen negligently misdiagnosed a wrist fracture. Plaintiff sent his X-rays, which Dr. Cohen had originally examined, to Dr. Paul Friedman. Dr. Friedman concluded that the X-rays evidenced a fractured wrist, but they were later lost or misplaced and unavailable for trial. The Appellate Division stated that "the negligent loss of evidence is comparable to a party's failure to comply with discovery obligations, which may result in an order barring introduction of evidence at trial . . ."

In *Viviano v. CBS, Inc.,* 251 *N.J.Super.* 113, 597 *A.*2d 543 (App.Div.1991), a malfunctioning machine used to press plastic phonograph records malfunctioned, destroying three and a half of plaintiff's fingers. Defendant employer failed to produce a potentially incriminating memorandum which plaintiff needed in order to recover for her injuries in a products liability action against the manufacturer. The Appellate Division held that defendants who

fraudulently conceal information relevant to a lawsuit for work-related injuries are liable in damages to the injured employee. In doing so, the *Viviano* court stated:

> Plaintiff's cause of action in the present case is analogous to a recently recognized cause of action for destruction of evidence which has been dubbed 'spoliation of evidence'. . . . The elements of that tort are:
>
> (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of the defendant that litigation exists or is probable; (3) willful or, possibly negligent destruction of evidence by the defendant designed to disrupt the plaintiff's case; and (5) damages proximately caused by the defendant's acts.
>
> [citations omitted]. *Id.* at 125–6, 597 *A.*2d 543.

To accord its holding with the facts of the case, the court substituted the words "concealment of evidence" for "destruction of evidence," thereby creating a cause of action for willful concealment of evidence. *Id.* at 126, 597 *A.*2d 543. The court did not address negligent spoliation of evidence.

In *Trump Taj Mahal v. Costruzioni Aeronautiche Giovanni,* 761 *F.Supp.* 1143 (D.N.J.1991), *aff'd,* 958 *F.*2d 365 (3d Cir. 1992), the court refused to recognize a claim of spoliation of evidence, arguing that the creation of a new cause of action is a matter best left to the New Jersey state courts. The present case therefore involves an issue of first impression: May an injured employee make a negligent spoliation of evidence claim against an employer on the ground that the loss or destruction of the evidence which the employer undertook to preserve disrupts the employee's ability to pursue a third party negligence action?

The court in *Viviano v. C.B.S., Inc., supra,* 251 *N.J.Super.* 113, 597 *A.*2d 543, recognized that immunizing the willful destruction or concealment of evidence would not further the policy of encouraging testimonial candor. *Id.* at 126, 597 *A.*2d 543. The court then quoted the following language from *Petrik v. Monarch Printing Corp.,* 150 *Ill.App.*3d 248, 103 *Ill.Dec.* 774, 781, 501 *N.E.*2d 1312, 1319 (1986), *appeal denied,* 114 *Ill.*2d 556, 108 *Ill.Dec.* 424, 508 *N.E.*2d 735 (1987):

> This state's system of civil litigation is founded in large part on a litigant's ability under the authority of the Supreme Court rules, to investigate and uncover evidence after filing suit. Destruction of evidence known to be relevant to pending

litigation violates the spirit of liberal discovery. Intentional destruction of evidence manifests a shocking disregard for orderly judicial procedures and offends traditional notions of fair play.

Many of the policy considerations which underlie the tort of intentional spoliation of evidence also favor adoption of the tort of negligent spoliation of evidence. Spoliation of evidence creates enormous costs for both the victimized party and the judicial system, prevents fair and proper adjudication of the issues, and interferes with the administration of justice. *The Spoliation Tort: An Approach To Underlying Principles*, 26 *St. Mary's L.J.* 351, 402 (1995).

Recognition of the tort of negligent spoliation of evidence would likely reduce the possibility of negligent as well as intentional destruction of evidence by putting individuals, business, and governmental entities on notice of acceptable societal behavior. The increased availability of relevant evidence would in turn further an individual's due process right to have one's grievances heard by a court of competent jurisdiction utilizing all relevant evidence. The failure to recognize negligent spoliation as a separate tort would invite destruction or suppression of relevant evidence by an opponent or third party, thus creating or continuing the perception that individual due process rights are unimportant or are somehow being trampled by the judicial system itself. *Do Not Fold Spindle Or Mutilate: The Trend Toward Recognition of Spoliation as a Separate Tort*, 30 *Idaho L.Rev.* 37, 63 (1993).

Recognition of negligent spoliation as a separate cause of action would also benefit litigants by reducing litigation costs. Costs associated with evidence reconstruction and identification of categories of documents requiring preservation would be avoided, as would the costs of propounding discovery to ascertain the fate of spoliated evidence. *Id.* at 65.

Adoption of negligent spoliation of evidence as a separate tort would also benefit society by promoting testimonial and discovery candor. If litigating parties are made responsible for preserving

all relevant evidence, the number of cases in which decisions are made based on all relevant information would increase. An explicit prohibition against negligent spoliation would also tend to conserve judicial resources by reducing the number of motions to compel production of evidence and the corresponding costs of discovery. *Id.* at 67.

On the issue presented in this case, the most instructive negligent spoliation case is *Boyd v. Travelers Ins. Co.*, 166 *Ill.*2d 188, 209 *Ill.Dec.* 727, 652 *N.E.*2d 267 (1995). In *Boyd,* an employee who was injured in an explosion allegedly caused by a propane catalytic heater he was using sued the employer's workers' compensation carrier for negligent spoliation of evidence based upon the carrier's loss of the heater before it could be inspected and tested. The employee also sued the heater manufacturer for products liability and negligence. Plaintiff contended that the carrier's loss of the heater impaired his ability to prove that claim. Ruling that plaintiff could maintain a claim for negligent spoliation, the Illinois Supreme Court noted that:

> [T]he general rule is that there is no duty to preserve evidence; however, a duty to preserve evidence may arise through an agreement, a contract, a statute ... or another special circumstance. Moreover, a defendant may voluntarily assume a duty by affirmative conduct [citation omitted.] In any of the foregoing instances, a defendant owes a duty of care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action. *Id.* at 731, 652 *N.E.*2d at 271.

The scope of the duty to preserve evidence is not boundless. A "potential spoliator need do only what is reasonable under the circumstances." *Hirsch, supra,* 266 *N.J.Super.* at 251, 628 *A.*2d 1108. The *Restatement (Second) of Torts* Section 323 (1965) provides, however, that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

■ In the present case, giving plaintiff the benefit of all favorable inferences, the facts indicate the existence of "special circumstances" from which a jury could conclude that Home Depot gratuitously undertook a duty to preserve the subject pallet and failed to perform that duty. Immediately after the accident, Home Depot took steps to preserve the subject pallet. Home Depot also imposed a lien on any damages Callahan might recover, pursuant to *N.J.S.A.* 34:15–40. A jury could find that Home Depot owed a duty of care to Callahan to preserve the pallet since a reasonable person in Home Depot's position "should have foreseen that the evidence was material to a potential civil action." *Boyd, supra,* 209 *Ill.Dec.* at 731, 652 *N.E.*2d at 271.

■ To maintain a negligent spoliation of evidence claim, "a plaintiff must allege sufficient facts to support a claim that the loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying lawsuit." *Id.* at 731, 652 *N.E.*2d at 271. In *Boyd,* the carrier not only lost the heater, but also failed to test it to determine the cause of the explosion. The court stated:

Plaintiffs were thereby deprived of the key piece of evidence in their products liability lawsuit against Coleman—the product itself. They claim that, as a result, no expert could testify whether the heater was defective or dangerously designed. These allegations are sufficient to support a theory that Travelers' loss of the heater caused plaintiffs to be unable to prove their suit against Coleman.

*Id.* at 731, 652 *N.E.*2d at 271.

The court did state, however, that a threat of future harm is not actionable. *Id.* at 732, 652 *N.E.*2d at 272. The court reasoned that a "plaintiff is required to allege that a defendant's loss or destruction of the evidence caused the plaintiff to be unable to prove an otherwise valid, underlying cause of action. A plaintiff must prove this before the harm has been realized." *Id.* at 732, 652 *N.E.*2d at 272.

This court adopts the principles set forth in the *Boyd* case and finds that Callahan has presented sufficient facts to withstand Home Depot's motion to dismiss his complaint for failure to state a claim upon which relief may be granted. The subject pallet is the key piece of evidence in this case. Because of its unavailability,

Callahan may be unable to prove the underlying action against Stanley. In that event, his only remedy would be a claim of negligent spoliation of evidence against Home Depot.

■ Callahan has received workers compensation benefits with respect to the accident. Callahan's recovery of those benefits would not bar Callahan's negligent spoliation of evidence claim against Home Depot, since the claim is distinct and does not arise out of or in the course of employment. *N.J.S.A.* 34:15–8; *Vega v. Standard Machinery Co. of Auburn, Rhode Island*, 290 *N.J.Super.* 434, 675 *A.2d* 1194 (App.Div.1996); *Rothfuss v. Bakers Mut. Ins. Co. of New York*, 107 *N.J.Super.* 189, 257 *A.2d* 733 (App.Div. 1969); *Imre v. Riegel Paper Corp.*, 24 *N.J.* 438, 132 *A.2d* 505 (1957); *Mager v. United Hospitals of Newark*, 88 *N.J.Super.* 421, 212 *A.2d* 664 (App.Div.1965), *Aff'd,* o.b. 46 *N.J.* 398, 217 *A.2d* 325 (1966). *See also Coca Cola Bottling Company of Los Angeles v. Superior Court and Jones*, 233 *Cal.App.*3d 1273, 286 *Cal.Rptr.* 855 (1991) (Exclusivity provisions in worker's compensation act did not preclude employee's third-party action for negligent spoilation of evidence against employer, as the action asserted tortious conduct by the employer after the accident which irreparably disrupted plaintiff's third-party suit against an automobile manufacturer) and *Pirocchi v. Liberty Mutual Insurance Company*, 365 *F.Supp.* 277 (E.D.Pa.1973) (worker's compensation action did not preclude an injured employee from suing his employer's carrier for damages resulting from alleged negligent acts of the carrier's agent leading to loss of physical evidence, thereby destroying the employee's cause of action against a third party).

■ For all of the reasons set forth above, Home Depot's motion to dismiss Callahan's complaint for failure to state a claim is denied. Procedurally, a single jury should be allowed to hear both actions—namely, Callahan's third-party negligence action against Stanley and his negligent spoliation of evidence action against Home Depot. *Boyd, supra* 209 *Ill.Dec.* at 732, 652 *N.E.2d* at 272. At trial, the jury should first resolve Stanley's liability. The jury should be asked to determine whether the pallet in

question belonged to Stanley. If the jury determines that it did, then the jury would proceed to consider the negligence claim against Stanley. If Callahan is able to prosecute his action against Stanley without the missing pallet, then he will not be permitted to pursue his negligent spoliation of evidence claim against Home Depot because he would not have been injured by Home Depot's loss of it. *See Boyd, supra,* at 733, 652 *N.E.*2d at 273. However, if the jury finds that the pallet did not belong to Stanley, then Callahan may proceed with the negligent spoliation of evidence claim and seek to establish the viability and worth of the claim against Stanley that was allegedly disrupted. In that instance, the jury would decide the following questions:

1. Did Home Depot voluntarily assume a duty to preserve the pallet?

2. Did the loss or destruction of the pallet disrupt Callahan's ability to prove his negligence claim against Stanley?

3. If so, what sum of money will reasonably and adequately compensate Callahan for damages for the lost value of his personal injury claim against Stanley? *See Fuschetti v. Bierman,* 128 *N.J.Super.* 290, 297, 319 *A.*2d 781 (Law Div.1974); *Gautam v. De Luca,* 215 *N.J.Super.* 388, 397, 521 *A.*2d 1343 (App.Div.1987).

If the jury awards damages to Callahan on the negligent spoliation of evidence claim, the amount payable by Home Depot will be reduced by the amount of the worker's compensation lien. This adjustment is required because the lien would have been imposed on any recovery by Callahan from Stanley pursuant to *N.J.S.A.* 34:15-40.