728 A.2d 319 (1999)
321 N.J. Super. 178
Roland HEWITT, III, Plaintiff,
v.
ALLEN CANNING COMPANY, Wakefern Food Corporation, Shop-rite, John Doe Corporation, Defendants-Appellants, and
Jane DOE (1-10)(fictitious name of other responsible individuals), JANE DOE (1-10) (fictitious name of other responsible individuals), ABC COMPANY and/or Corporation (fictitious name of other responsible entities), Defendants,
v.
Jacob & Ferrigno, Third-Party Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1999.
Decided May 13, 1999.
*320 Lisa S. Daly, Newark, for defendants-appellants (Gibbons, Del Deo, Dolan, Griffinger & Vecchione, attorneys; Philip W. Crawford and Ms. Daly, on the brief).
Joseph M. Chiarello, Millville, for defendant-respondent (Jacob & Ferrigno, attorneys; Mr. Chiarello, on the brief).
Before Judges KEEFE, EICHEN, and COBURN.
The opinion of the court was delivered by KEEFE, J.A.D.
Defendants Allen Canning Company, Wakefern Food Corporation, and Shop-Rite appeal from a Law Division order denying their motion to join the law firm of Jacob & Ferrigno (J & F) as a third-party defendant in a personal injury suit brought against defendants by plaintiff, Roland Hewitt, III, in which Hewitt was represented by J & F. The proposed third-party action sought damages from J & F on the theory of spoliation of evidence. We affirm.
Hewitt's suit against defendants alleged that on May 8, 1995, he partially consumed a grasshopper contained in a can of Farm Flavor brand spinach. He contended that he became ill as a result of the experience and sought compensatory damages. The complaint alleged that the spinach was canned by defendant Allen Canning Company, distributed by defendant Wakefern Food Corporation, and sold to plaintiff by defendant Shop-Rite.
Defendants, represented by the same law firm, filed an answer to plaintiff's complaint, claiming in their sixteenth separate defense that plaintiff was barred from pursuing his cause of action "by virtue of the fact that he participated in the spoliation of evidence either directly or through his agents." Thereafter, defendants filed a motion to dismiss plaintiff's complaint or, in the alternative, for an adverse inference at the time of trial on the ground that the spoliation of evidence deprived them of the opportunity to prepare a viable defense.
Plaintiff filed a brief and certification in opposition to the motion. The certification, signed by Judy Bailey, a legal assistant at J & F, disclosed that J & F stored the remainder of the can of spinach and grasshopper in the office refrigerator. She claimed that in October or November 1995 she became aware of a "strong and offensive odor" emanating from the refrigerator and discovered that its source was the sealed plastic container inclosing the can of spinach and grasshopper. When the problem was brought to the attention of one of the partners, the partner informed her that "so long as the pictures of the evidence were clear and vivid, same could *321 be discarded." Accordingly, Bailey discarded all of the evidence.
In support of its motion, defendants submitted the certification of Robert B. Callaway, the coordinator of the Consumer Product Testing for the National Food Processors Association. He certified that:
If plaintiff had preserved the evidence, meaning the can, product and alleged foreign object, at issue in this matter, we, on behalf of defendants, could have performed such tests as an electron microscope examination of the alleged foreign object, a container evaluation and chemical and bacteriological testing of the product, which would have enabled me to determine what the foreign object was, and perhaps whether the foreign object was present in the manufacturer's product when it left the manufacturer's control and if so, if it could have caused the injuries alleged.
Defendants' motion was denied in its entirety.
Shortly thereafter, defendants moved for leave to file a third-party complaint against J & F, asserting the tort of spoliation of evidence and breach of duty to defendants. The motion was opposed by J & F. The motion judge, understanding that granting the motion would require plaintiff to obtain new counsel, informed the parties that he believed it was his duty to scrutinize defendants' proposed claim against J & F despite the liberal interpretation ordinarily given to R. 4:9-1. The judge concluded from his review of the record that defendants' evidence, at best, pointed toward negligent spoliation for which a cause of action had not yet been recognized in this state.
This court subsequently denied defendants' motion for leave to appeal and for a stay pending appeal. Thereafter, defendants settled plaintiff's claim for $3,000. The stipulation of dismissal expressly provided that the matter between defendants and J & F had not been settled and that defendants reserved the right to pursue this appeal.

I.
Defendants contend that the motion judge erred in denying their motion for leave to file a third-party complaint because R. 4:9-1 requires a liberal interpretation of pleadings and, thus, "the only issue before the [c]ourt [was] whether the causes of action said to be asserted are cognizable as a matter of law." We cannot disagree with that assertion. Nonetheless, we conclude from our examination of defendants' pleadings and the uncontested facts of this case that defendants cannot assert a cause of action for money damages against J & F.
Spoliation is "[t]he destruction of evidence.... The destruction, or the significant and meaningful alteration of a document or instrument." Black's Law Dictionary, 1257 (5th ed.1979). The tort of spoliation has been recognized in New Jersey as being akin to a cause of action for damages stemming from the fraudulent concealment of evidence. Viviano v. CBS, Inc., 251 N.J.Super. 113, 126, 597 A.2d 543 (App.Div.1991), certif. denied, 127 N.J. 565, 606 A.2d 375 (1992). The destruction of evidence can occur in a variety of circumstances, and the remedy that a party has against the spoliator, in general, depends upon the relationship between the party aggrieved by the destruction of the evidence and the spoliator.
Essentially, the tort action for spoliation affords damages to a plaintiff where the spoliator knows that litigation exists or is probable, the spoliator willfully or negligently destroys evidence with a design to disrupt plaintiff's case, or where such disruption is foreseeable, plaintiff's case is in fact disrupted, and plaintiff suffers damages proximately caused by the spoliator's acts. Hirsch v. General Motors Corp., 266 N.J.Super. 222, 234-37, 242-43, 628 A.2d 1108 (Law Div. 1993); see also Viviano, supra, 251 N.J.Super. at 126, 597 A.2d 543. As Judge Muir observed in Fox v. Mercedes-Benz Credit Corp., 281 N.J.Super. 476, 658 A.2d 732 (App.Div.1995):
Both the spoliation and concealment torts are designed to remediate tortious interference with a prospective economic advantage. (citations omitted). The prospective economic advantage being protected is a plaintiff's opportunity to bring a cause of action for which damages may be awarded.

[Id. at 482, 658 A.2d 732.] *322 In such cases, the plaintiff's remedy is money damages. The spoliation and concealment tort remedy of money damages is inapplicable, however, where the destruction of evidence, or its concealment, occurs in the context of a defendant's ability to defend against a plaintiff's cause of action. Id. at 483, 658 A.2d 732. In such cases, "the rules of court provide more than sufficient remedy." Ibid.

In the latter context, where evidence is concealed or destroyed by plaintiff, plaintiff's agent, or plaintiff's subrogor, thereby interfering with the defendant's ability to defend the lawsuit, the remedy available varies depending on the facts. See Abtrax Pharmaceuticals, Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 655 A.2d 1368 (1995) (affirming dismissal of plaintiff's complaint based on concealment of material evidence until mid-trial); Aetna v. Imet Mason Contractors, 309 N.J.Super. 358, 707 A.2d 180 (App.Div.1998) (affirming dismissal of plaintiff-subrogor's complaint where the vehicle was destroyed after being examined for purposes of suit, and acknowledging that barring plaintiff-subrogor's expert witness from testifying had the same effect as a dismissal); Nerney v. Garden State Hosp., 229 N.J.Super. 37, 550 A.2d 1003 (App.Div.1988) (remanding case to trial court to determine to what extent defendant was prejudiced in defending against plaintiff's malpractice claim after plaintiff's expert lost critical x-rays); Hirsch, supra, 266 N.J.Super. at 266, 628 A.2d 1108 (barring evidence concerning plaintiff's inspection of a vehicle where the vehicle was subsequently sold by the salvage company to whom plaintiff-subrogor delivered title).
Although damages are not ordinarily available to a defendant who is prejudiced by spoliation, a defendant who has been deprived of the ability to defend an action brought by a plaintiff because a third party has destroyed evidence may have an action for money damages against the spoliator. But in such instances, the spoliator is neither the plaintiff, nor an agent of plaintiff, nor plaintiff's subrogor. Allis-Chalmers Corp. v. Liberty Mut. Ins. Co., 305 N.J.Super. 550, 702 A.2d 1336 (App.Div.1997); Hirsch, supra, 266 N.J.Super. at 245, 628 A.2d 1108.
It is clear that an attorney acts as an agent for his client. See Baldasarre v. Butler, 132 N.J. 278, 289-90, 625 A.2d 458 (1993); Smith v. Cynfax Corp., 261 N.J.Super. 378, 382, 618 A.2d 937 (Law Div.1992). Defendants contend, however, that to bind plaintiff by the acts of his attorney would result in the punishment of an innocent party. Defendants reason, accordingly, that we should permit a suit by defendants against J & F for money damages to avoid hurting plaintiff, who is blameless. We recognize that there is a body of caselaw holding that a litigant should not be punished for the dereliction of the litigant's attorney. See, e.g., Baldasarre, supra, 132 N.J. at 292-93, 625 A.2d 458; Clients' Sec. Fund v. Security Title and Guar. Co., 257 N.J.Super. 18, 31, 607 A.2d 1319 (App.Div.1992), aff'd, 134 N.J. 358, 634 A.2d 90 (1993) (stating that "an innocent client is not liable to third parties for the misconduct of his attorney if the client does not direct, advise, consent, or participate in the attorney's improper conduct"). Nonetheless, the principles that undergird such cases are inapposite in this context for several reasons. First, as a matter of policy, permitting defendants to pursue, in essence, an indemnity action against the attorney seeking to recover the settlement or judgment obtained by plaintiff would be unnecessarily disruptive of the attorney-client relationship. If the claim against the attorney is brought in the same action as plaintiff's, plaintiff would be required to obtain an attorney who was not his first choice. Further, if an action against the attorney is permitted after the plaintiff's suit is completed by settlement or judgment, the attorney's loyalty to his client could be adversely affected by a subconscious tendency to keep the client's settlement or verdict low. Second, there is nothing inherently unfair about imposing sanctions against a litigant for the conduct of the litigant's agents. In Nerney, supra, it is clear that plaintiff's expert was acting on behalf of the blameless plaintiff when he examined the x-rays and lost them. Yet we fully anticipated that if, upon remand, it was ascertained that plaintiff's expert's negligence in losing the x-rays prejudiced defendant, a discovery remedy would lie against the plaintiff. If the plaintiff in that case *323 suffered injury as a result of the expert's conduct, a cause of action by plaintiff for spoliation damages might lie against the expert. So too in this case, the plaintiff would not be without a remedy. If J & F's conduct resulted in damage to plaintiff, plaintiff could sue J & F in a subsequent action for spoliation damages. Because plaintiff's cause of action against J & F would not accrue until he is damaged in the underlying case, J & F would have every incentive to maximize plaintiff's recovery against defendants. Thus, J & F could proceed without conflict.

II.
Finally, defendants argue that J & F breached a duty owed to non-clients and third parties by discarding the evidence in this matter. Such a duty arises in situations where an attorney should foresee that the attorney's representations or conduct will induce reliance by others. See Petrillo v. Bachenberg, 139 N.J. 472, 655 A.2d 1354 (1995). This duty is inapplicable here where there has only been a discovery violation, not a misrepresentation by J & F nor any reliance on the law firm's conduct by defendants.
In summary, assuming defendants were prejudiced by J & F's action, defendants' remedy in this case was a discovery sanction. We recognize that such was the remedy defendants initially sought in this case and that the trial judge denied their motion. Defendants could have preserved that issue for appeal by not settling with plaintiff. The settlement in the case, however, mooted that issue.
Affirmed.