**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4436-19

BRENDA HOPPER,

    Plaintiff-Appellant,

v.

LEXUS OF EDISON and PENSKE
AUTOMOTIVE GROUP, INC.,

    Defendants-Respondents.

_____

Submitted March 22, 2021 – Decided July 19, 2021

Before Judges Messano, Suter, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3162-18.

Miller, Meyerson & Corbo, attorneys for appellant (Nirmalan Nagulendran, on the briefs).

Traflet & Fabian, attorneys for respondents (Stephen G. Traflet and Debra M. Albanese, on the brief).

PER CURIAM

Plaintiff Brenda Hopper leased a certified pre-owned 2014 Lexus GX460 from defendant Lexus of Edison, which is owned by defendant Penske Automotive Group, Inc. (collectively, defendant). The lease agreement was between plaintiff and Toyota Lease Trust (TLT) as lessor, and the vehicle was titled to TLT on July 8, 2016, after which defendant retained no legal or possessory interest in the car. Plaintiff obtained personal automobile insurance through GEICO.

On April 25, 2017, plaintiff took the vehicle to defendant for service and authorized the replacement of the rear brake pads and resurfacing of the rear brake rotors. Three days later, plaintiff was involved in an accident in Hillside. Plaintiff alleged her brakes failed, the vehicle accelerated, and it became airborne after plaintiff struck a parked car and overturned. Plaintiff was hospitalized because of her injuries, and her disabled Lexus was towed to the Hillside Police Department garage.

A township mechanic, Jose Gomes, conducted a cursory inspection of some of the braking system components. His report indicated there seemed "to be air in the brake system." Later, at his deposition, Gomes explained that after servicing, air must be removed from the car's brake lines, and he opined that the work performed by defendant caused the brakes to fail. He ruled out the

A-4436-19

possibility that any air in the brake lines resulted from the accident itself. No data was downloaded from the vehicle's event data recorder and no photos or measurements were taken of the vehicle, which was then held at the Hillside Township Public Works Department (DPW).

On May 1, 2017, GEICO inspected the vehicle, deemed it a total loss and offered plaintiff a settlement of her claim. GEICO also informed plaintiff that she was obligated to remove the car from storage to avoid accumulating storage fees. Plaintiff "chose not to retain" the vehicle and executed a power of attorney in GEICO's favor permitting it to obtain and transfer title to the vehicle in the future. Plaintiff also approved the car's removal to a salvage facility, Insurance Auto Auctions (IAA), on May 1, 2017.

GEICO paid off plaintiff's lease, and on June 27, 2017, while the vehicle was still being held at IAA, TLT sold the vehicle to GEICO for salvage value. The car was titled to GEICO on July 21, 2017 and sold at auction on August 7, 2017.

Meanwhile, in early May 2017, plaintiff retained counsel. By letter dated May 5, counsel provided defendant with its first notice of the accident and allegations of brake failure and sudden acceleration. Counsel asked defendant to forward the matter to its insurance carrier or its risk management department

3

"for future handling." The record fails to reveal any written response to the letter from defendant.[1]

It is undisputed that defendant had no other written contact from plaintiff until receiving her summons and complaint on September 18, 2018. The complaint alleged in a single count that defendant negligently serviced plaintiff's vehicle causing its brakes to fail. By letters to plaintiff's counsel dated September 24 and October 29, 2018, defense counsel sought to inspect the vehicle and requested information about its location. In a letter to defense counsel dated November 1, 2018, plaintiff's counsel indicated that the vehicle had been sold at auction "by third parties that [were] not within [plaintiff's] control and . . . not represented by [plaintiff's counsel's] firm."

Defendant answered the complaint, discovery ensued, and, approximately one month before the trial date, defendant moved to dismiss the complaint

---

[1] Much later, in support of her motion to dismiss plaintiff's complaint, defense counsel certified that based on conversations she had with others, upon receipt of the letter, an entity — Toyota Legal One — referred the matter to Engineering Analysts Associates (EAA) to forensically examine the vehicle. However, EAA's multiple attempts to contact plaintiff's counsel and arrange for an inspection were never answered. The motion judge properly recognized the certification was not based on personal knowledge, see Rule 1:6-6, and did not consider these allegations in deciding defendant's motion.

pursuant to Rule 4:23-2(b)(3), which permits the court to dismiss a complaint for "fail[ure] to obey an order to provide or permit discovery."

Plaintiff opposed the motion, arguing, in part, that defendant had the duty to preserve the car and had ample opportunity to inspect it. Defendant's failure to do so should not result in the ultimate sanction — dismissal of plaintiff's complaint. Plaintiff also argued the motion was procedurally deficient.

After considering oral arguments, on July 10, 2020, Judge Karen A. Cassidy entered an order granting defendant's motion and dismissing the complaint with prejudice. Plaintiff moved for reconsideration, which the judge denied. This appeal followed.

Plaintiff argues that the judge erred by concluding she, not defendant, spoliated evidence critical to the defense, and therefore the judge improperly sanctioned plaintiff by dismissing the complaint. Plaintiff also argues that defendant's motion was procedurally improper because plaintiff never disobeyed any court order and defendant's motion was not made prior to the end of discovery. See R. 4:24-2(a) (providing that unless the court otherwise finds good cause, all motions to "impose or enforce sanctions for failure to provide discovery must be made returnable prior to the expiration of the discovery period"). Plaintiff also argues dismissal with prejudice was improper because

Rule 4:23-5(a) first required entry of an order dismissing the complaint without prejudice. Finally, plaintiff argues that dismissal of her complaint with prejudice was inappropriate because lesser sanctions were available.

Having considered the arguments in light of the record and applicable legal principles, we affirm.

I.

Initially, the only order listed in plaintiff's notice of appeal is the August 7, 2020 order denying reconsideration. The party filing a notice of appeal must "designate the judgment, decision, action or rule, or part thereof appealed from." R. 2:5-1(e)(3)(i). It is only the judgments, orders, or parts thereof designated in the notice of appeal which are subject to the appeal process and review. Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465–66 (App. Div. 1990), aff'd o.b. 138 N.J. 41 (1994). However, plaintiff's motion for reconsideration in the Law Division tolled the running of the forty-five-day limit for filing an appeal from the original July 2020 order dismissing the complaint with prejudice. R. 2:4-3(e). As a result, any appeal from the July order was timely when plaintiff filed this appeal.

Defendant has not objected to our consideration of the merits of the appeal to the extent it challenges the July 10, 2020 order, not just the subsequent order

6

denying reconsideration. Both parties have fully briefed the issue. Therefore, we proceed to consider the merits of plaintiff's arguments by first defining our standards of review.

"An appellate court applies 'an abuse of discretion standard to decisions made by [the] trial courts relating to matters of discovery.'" C.A. by Applegrad v. Bentolila, 219 N.J. 449, 459 (2014) (alteration in original) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). "It 'generally defer[s] to a trial court's disposition of discovery matters unless the court has abused its discretion[,] or its determination is based on a mistaken understanding of the applicable law.'" Ibid. (first alteration in original) (quoting Pomerantz Paper Corp., 207 N.J. at 371).

Specifically to the issues here, "[t]he negligent loss of evidence is comparable to a party's failure to comply with discovery obligations." Nerney v. Garden State Hosp., 229 N.J. Super. 37, 40 (App. Div. 1988) (citing R. 4:23-2(b)(2); Clark v. Fog Contracting Co., 125 N.J. Super. 159 (App. Div. 1973)). "[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless an injustice appears to have been done." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995).

Similarly, "[w]e review the denial of a motion for reconsideration to determine whether the trial court abused its discretion." Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (citing Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996)).

> [R]econsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . ."
>
> [Ibid. (alterations in original) (quoting Cummings, 295 N.J. Super. at 384).]

"[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

## II.

## A.

"Spoliation of evidence in a prospective civil action occurs when evidence pertinent to the action is destroyed, thereby interfering with the action's proper administration and disposition." Cockerline v. Menendez, 411 N.J. Super. 596, 620 (App. Div. 2010) (quoting Aetna Life & Cas. Co. v. Imet Mason Contractors, 309 N.J. Super. 358, 364 (App. Div. 1998)). "[T]o a great extent

8

our traditional approach to spoliation begins with identifying the spoliator, because that, in and of itself, will impact on the available and appropriate remedies." Robertet Flavors, Inc. v. Tri-Form Constr., Inc., 203 N.J. 252, 272 (2010) (citing Tartaglia v. UBS PaineWebber Inc., 197 N.J. 81, 119–20 (2008)). "A plaintiff who destroys evidence interferes with a defendant's ability to defend a lawsuit and right to discovery." Aetna Life, 309 N.J. Super. at 365 (quoting Hirsch v. Gen. Motors Corp., 266 N.J. Super. 222, 245 (Law Div. 1993)).

"The existence of a duty to preserve evidence is a question of law to be determined by the court." Cockerline, 411 N.J. Super. at 620 (citing Manorcare Health Servs., Inc. v. Osmose Wood Preserving, Inc., 336 N.J. Super. 218, 226 (App. Div. 2001)). "Such a duty arises when there is pending or likely litigation between two parties, knowledge of this fact by the alleged spoliating party, evidence relevant to the litigation, and the foreseeability that the opposing party would be prejudiced by the destruction or disposal of this evidence." Ibid. (citing Aetna Life, 309 N.J. Super. at 366).

The crux of plaintiff's first argument is that defendant was the spoliator of critical evidence because it failed to preserve and inspect the car despite being notified of a potential claim on May 5, 2017. Plaintiff argues defendant "worked interchangeably with Toyota, who sold the car hastily in what was a strategic,

and highly effective move." Plaintiff contends that as merely the lessee, she lacked any authority to dispose of the evidence. We disagree.

Judge Cassidy correctly determined that plaintiff had the duty to preserve the evidence and failed to do so. Plaintiff was given the option to reclaim the car from storage but simply choose not to do so. Instead, she settled her claim with GEICO within days of the accident and executed a power of attorney in favor of GEICO. GEICO then controlled all dealings with TLT, not defendant. Lastly, plaintiff never sought to have the car inspected herself, even though it remained in IAA's lot for months after the accident. We agree with Judge Cassidy's assessment of these undisputed facts: plaintiff was "the first in the chain of causing all of these repercussions from happening" and "created this situation."[2]

Plaintiff's reconsideration motion rested on her assertion that TLT spoliated the evidence as defendant's agent. In support, plaintiff presented the odometer disclosure statement which listed TLT as the seller of the vehicle to GEICO. Judge Cassidy aptly noted:

---

[2] For the stated reasons, plaintiff's public policy argument, i.e., plaintiff as a consumer should not be held to the same standard as sophisticated entities, like defendant, lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

> In this particular case [TLT] is being thrown around pretty much by everybody as a generic concept. [TLT] we don't know what, if any, communication was made to . . . a leasing company . . . whose primary obligation or rights in this case are regarding the . . . financial considerations between them and the plaintiff, not the manufacturing defect.

A review of the record shows Judge Cassidy did not act in an arbitrary, capricious, or unreasonable manner and properly denied reconsideration. To the extent plaintiff now sought to paint TLT as defendant's agent, a party cannot "pick and choose alternative theories of liability and assert them ad seriatim in separate proceedings in the same litigation." Cummings, 295 N.J. Super. at 388.

More importantly, plaintiff's claim that TLT and defendant were acting in concert to "sell the car quickly" is absurd. Nothing in the record indicates that defendant had control over or influenced TLT — the titled owner to the vehicle — after receiving notice of plaintiff's accident. Plaintiff failed to provide any evidence showing that TLT and defendant were in communication regarding the sale of the vehicle, let alone that TLT was acting as defendant's agent.

### B.

Plaintiff alleges numerous procedural errors foreclosed dismissal of her complaint with prejudice. First, plaintiff argues that defendant's motion to

11

dismiss pursuant to Rule 4:23-2(b)(3) was improper because plaintiff never failed to comply with a court order. The Rule provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under R. 4:23-1, the court . . . may make such orders in regard to the failure as are just, and among others . . . dismissing the action or proceeding or any party thereof with or without prejudice . . . .
>
> [R. 4:23-2(b)(3).]

While the Court Rules do not specifically reference spoliation of evidence, courts considering the imposition of sanctions for spoliation have indicated that Rule 4:23-2(b) governs the issues. See Nerney, 229 N.J. Super. at 40 (describing a party's negligent loss of evidence as "comparable" to a party's failure to comply with discovery requirements, rendering the offending party subject to remedies available under Rule 4:23-2(b); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:23-1 (2021) ("[T]here is a duty to preserve evidence apart from any court order, and . . . the sanctions of this rule . . . are applicable where evidence is not preserved." (citation omitted)). The dismissal of plaintiff's complaint with prejudice pursuant to Rule 4:23-2(b) was not erroneous.

Next, plaintiff argues that defendant's motion was untimely pursuant to Rule 4:24-2(a) because it was filed after discovery expired. Regarding timeliness, Judge Cassidy, likening the motion to one made in limine before

trial, held "this [motion] was made with the anticipation that there is a trial date scheduled, that discovery is closed, that the case is in a posture right now that decisions can be made or . . . determinations can be made as to how this case will proceed." During the motion for reconsideration hearing, Judge Cassidy again noted that a motion dealing with spoliation of evidence "could occur as a motion in limine . . . on the eve of trial."

We differ to the extent that a dispositive motion to dismiss a complaint as a spoliation sanction is not a motion in limine. Rule 4:25-8(a), effective September 2020, i.e., after the two orders entered here, defines a motion in limine as "an application returnable at trial for a ruling regarding the conduct of the trial, including admissibility of evidence, which motion, if granted, would not have a dispositive impact on a litigant's case." (emphasis added). We have recognized the unfairness of a late-filed motion in limine when disposition of the motion results in dismissal of a complaint. Cho by Jo v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461, 470–75 (App. Div. 2015).

However, the obvious purpose of Rule 4:24-2(a), requiring "motions to compel discovery and to impose or enforce sanctions for failure to provide discovery [to] be made returnable prior to the expiration of the discovery period," is to provide the judge with the ability to rectify a delinquent party's

discovery violation without dismissing a pleading if the party complies. The Rule anticipates, however, that the moving party is able to compel compliance with assistance from the court. See, e.g., Salazar v. MKGC + Design, 458 N.J. Super. 551, 559, 563 (App. Div. 2019) (reversing dismissal of the complaint based on the untimely filing of the defendant's motion and noting the defendant's "wholesale disregard of discovery rules refute[d]" its claim of prejudice occasioned by the plaintiffs' discovery lapses). Here, plaintiff failed to preserve crucial evidence, and the court was unable to compel its production under any circumstances. As already noted, consideration of issues regarding sanctions for spoliation of evidence, although similar in analysis to sanctions for discovery violations, are not the same, and they do not fit comfortably within the procedural constraints of the discovery rules.

Plaintiff's final procedural argument is that dismissal with prejudice was improper because there was no prior dismissal without prejudice pursuant to Rule 4:23-5(a).[3] We have held there must be strict compliance with the two-

---

[3] The Rule applies to failures to respond to demands for discovery pursuant to Rules 4:17, 4:18 or 4:19. Presumably, Rule 4:18, which relates to the discovery and inspection of documents and property, would apply here.

step sanction process outlined in the Rule. Thabo v. Z Transp., 452 N.J. Super. 359, 370–72 (App. Div. 2017).

The general analysis pertaining to plaintiff's procedural challenge under Rule 4:24-2(a) applies with equal force here. The discovery rules are designed to compel the delinquent party to supply the requested discovery in an effort to foreclose dismissal of a pleading without disposition on its merits. See Thabo, 452 N.J. Super. at 371 ("The best way to foster public confidence in our civil courts is to decide cases on their merits."). Here, because she failed to preserve the car even though she had the ability to do so, plaintiff denied defendant the opportunity to conduct an examination by its own expert.[4] That delinquency could not be cured by compliance with the procedures outlined in our discovery rules.

## C.

The critical question is whether Judge Cassidy mistakenly exercised her discretion by ordering dismissal of the complaint with prejudice because no other sanction short of dismissal was appropriate. The trial court has "inherent discretionary power to impose sanctions for failure to make discovery."

---

[4] We gather from oral argument on the motions that defendant retained an expert who considered Gomes' report and concluded any air in the brake lines could have resulted from the accident itself. The report is not in the record.

Rosenblit v. Zimmerman, 166 N.J. 391, 401 (2001) (quoting Hirsch, 266 N.J. Super. at 260). "[T]he focus in selecting the proper sanction is 'evening the playing field,' or rectifying the prejudice caused by the spoliation so as to 'place[] the parties in equipoise.'" Robertet Flavors, 203 N.J. at 273 (second alteration in original) (first quoting Rosenblit, 166 N.J. at 401; then quoting Hirsch, 266 N.J. Super. at 266). The critical factor in this analysis is "the effect the spoliator's actions had on the aggrieved party's ability to present its case." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 474 (App. Div. 2012).

"The selection of the appropriate sanction is left to the trial court's discretion and will not be disturbed if it is 'just and reasonable in the circumstances.'" Cockerline, 411 N.J. Super. at 620–21 (quoting Hirsch, 266 N.J. Super. at 260–61). Dismissal with prejudice is the appropriate remedy where "no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Manorcare, 336 N.J. Super at 231 (quoting Aetna Life, 309 N.J. Super. at 365).

Judge Cassidy considered other remedies short of dismissal. She noted that no full inspection was performed on the vehicle prior to its disposal despite

plaintiff being in the best position to preserve the evidence. The judge noted how plaintiff's failure to do so disadvantaged defendant:

> [I]t's obvious that given the fact that there are two allegations in this case, brake failure and sudden acceleration, that [defendant] did not have the opportunity to review . . . the black box within the vehicle to make certain . . . to take steps necessary to verify or not verify what happened to the plaintiff in this case, and that they are at a severe disadvantage in this matter.

Simply put, there was no other remedy available to "level the playing field" in this case. This matter involved a complex instrumentality and allegations not only of brake failure but also rapid acceleration. Defendant had no ability to challenge the very limited partial inspection done by Gomes. We have dismissed a complaint in the past when the plaintiff-insurer failed to retain a vehicle which defect allegedly caused a fire damaging the plaintiff's insured's premises. See Aetna Life, 309 N.J. Super. at 368–69 (noting the inability of lesser sanctions to remedy the defendant's prejudice because "[p]hotographs of the engine would not be an adequate substitute for personal observation of the intricate parts of an automobile engine").

Notably, during argument before Judge Cassidy, plaintiff only asserted that the lesser remedy of providing the jury with an adverse inference charge might be an adequate sanction to remedy any prejudice. Plaintiff never

17

suggested, for example, that Gomes' testimony and initial report should be barred.[5]  Plaintiff had no other expert, and expert testimony would have been necessary to prove both defendant's negligence and that its negligence proximately caused plaintiff's damages.  In other words, had the judge remedied plaintiff's spoliation of evidence by barring any evidence regarding the only inspection performed on the Lexus, plaintiff's complaint would have failed.  See, e.g., Hirsch, 266 N.J. Super. at 266–67 (barring the plaintiff's expert report and testimony and leaving open defendant's future summary judgment motion).   We assume that is why plaintiff has never suggested that remedy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5]  There was discussion before Judge Cassidy as to whether Gomes could qualify as an expert witness, although the issue was left unresolved.