**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0682-17T2

300 BROADWAY HEALTHCARE
CENTER, LLC, d/b/a NEW VISTA
NURSING AND REHABILITATION
CENTER, HAPPY DAYS ADULT
HEALTHCARE CENTERS, LLC,
BRIAN KLEIMAN, STEVEN KLEIMAN,
RIVKA CHAYA KLEIMAN, RIVKA
BASYA KLEIMAN, HD HEALTHCARE
MANAGEMENT, LLC, and NEW
HORIZONS BEHAVIORAL
HEALTHCARE CENTER, LLC,

      Plaintiffs-Appellants,

v.

LASSER HOCHMAN, LLC and
JOHN R. WENZKE, ESQ.,

      Defendants-Respondents.

_____

          Argued January 30, 2019 – Decided July 26, 2019

          Before Judges Nugent and Reisner.

          On appeal from the Superior Court of New Jersey, Law
          Division, Essex County, Docket No. L-2273-17.

Stephen Wagner (Cohen Tauber Spievak & Wagner) of the New York bar, admitted pro hac vice, argued the cause for appellants (Cohen Tauber Spievak & Wagner, PC, attorneys; Ralph Peter Ferrara and Kevin James Kotch, on the briefs).

Thomas F. Quinn argued the cause for respondents (Wilson Elser Moskowitz Edelman & Dicker LLP, attorneys; Thomas F. Quinn and Joanna Piorek, of counsel and on the briefs).

PER CURIAM

Plaintiffs appeal from an August 29, 2017 order granting a motion to dismiss their lawsuit against defendants, the law firm of Lasser Hochman, LLC and attorney John R. Wenzke (collectively, Lasser Hochman). Our standard of review is de novo. See Sickles v. Cabot Corp., 379 N.J. Super. 100, 105-06 (App. Div. 2005). After considering the record in light of that standard, we affirm.

We write this opinion primarily for the parties, who are familiar with the tortured history of this litigation. A brief summary will suffice here. The Kleiman family and the Weinberger family engaged in over a decade of shareholder litigation involving New Vista, LLC. Starting in 2005, Lasser Hochman represented the Weinberger family and New Vista in a shareholder derivative action. During the litigation, the Weinbergers obtained control of New Vista. The litigation was finally settled in 2016, with an agreement that

the Kleimans would buy out the Weinbergers' interest in the company. As part of the settlement, the Kleimans and the Weinbergers signed a Mutual Release Agreement, releasing all claims against each other and their "agents." We quote the relevant portion of the Mutual Release Agreement below:

> The Kleiman Parties, on behalf of themselves, and their heirs, executors, personal representatives, current and former employees, agents, shareholders, directors, officers, trustees, parents, subsidiaries, affiliates, predecessors, successors and assigns, do hereby fully, completely, unconditionally and forever release and discharge each Seller and his/her heirs, executors, personal representatives, agents, successors, and assigns, to the full extent permitted by law of and from any and all claims, complaints, grievances, causes of action, demands, obligations, actions, contracts, promises, agreements, arbitrations, debts, controversies, damages, attorneys' fees, costs, losses, expenses, liabilities, rights and allegations of whatever kind and nature, known or unknown, contingent or otherwise, which the Kleiman Parties now have had or may in the future have for and on account of any matter or thing, from the beginning of time to and including the date of this Agreement.

> [emphasis added.]

Nonetheless, after the settlement, the Kleimans filed this lawsuit against their former adversaries' attorneys for malpractice, breach of contract, and other causes of action based on the law firm's alleged wrongdoing during the prior

3

litigation.  Defendants filed a motion to dismiss, relying on the release agreement and other legal and equitable defenses.

In a comprehensive oral opinion, the trial judge held that the complaint and a proposed amended complaint were untimely, because plaintiffs knew of the law firm's alleged wrongdoing since 2009.  He also found the claims were barred by the litigation privilege.  He further concluded that some of the claims were barred by collateral estoppel and the entire controversy doctrine.  Finally, the judge held that the entire lawsuit was barred by the terms of the 2016 release agreement, in which each side released all claims against the other side and its agents.  The judge reasoned that the term "agents" included the parties' attorneys.

We agree with the trial judge that the settlement agreement bars this litigation, substantially for the reasons stated in the judge's opinion.  The litigation in this case was a decade-long battle between the Kleimans and the Weinbergers over control of New Vista.  When they settled the litigation, they mutually released each other and their agents from all claims.  The term "agent" is unambiguous, and it includes a party's attorney.  See Hewitt v. Allen Canning Co., 321 N.J. Super. 178, 184 (App. Div. 1999).  The Kleimans' unexpressed intentions, which were neither set forth on the record nor included in the release,

cannot vary its terms.[1] "A party that uses unambiguous terms in a contract cannot be relieved from the language simply because it had a secret, unexpressed intent that the language should have an interpretation contrary to the words' plain meaning." Schor v. FMS Fin. Corp., 357 N.J. Super. 185, 191 (App. Div. 2002). As a result, the Kleimans are not entitled to revive this long-running dispute under the aegis of a lawsuit against their former adversaries' attorneys. In light of that conclusion, we need not address the remaining issues plaintiffs raised on this appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] At oral argument of this appeal, we asked plaintiffs' counsel whether, at the time of the 2016 settlement, the parties put anything on the record stating that the term "agents" did not include their attorneys. In a subsequent letter to the court, counsel conceded that the transcript of the hearing, in which the parties reported the settlement to the court, contained no such language.

A-0682-17T2