**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4458-17T4

U.S. BANK NATIONAL
ASSOCIATION, as Indenture
Trustee on Behalf of and with
Respect to Ajax Mortgage
Loan Trust 2016-C,
Mortgage-Backed
Notes, Series 2016-C,

     Plaintiff-Respondent,

v.

GUADALUPE
BERNARDEZ-HICKS,
a/k/a GUADALUPE B. HICKS,
her heirs, devisees, and personal
representatives and his/her,
their, or any of their successors
in right, title and interest,
BERNARD E. HICKS, her
husband, his heirs, devisees,
and personal representatives and
his/her, their, or any of their
successors in right, title
and interest, and BONNIE L.
ARUNHAMMER,

     Defendants-Appellants.

_____

Telephonically argued June 3, 2020 –
Decided July 15, 2020

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-038588-14.

Michael Roland Curran argued the cause for appellant.

Michael D. Mezzacca, Bourne, Noll, & Kenyon, and Jeanette J. O'Donnell, Powers Kirn, LLC, argued the cause for respondent (Bourne, Noll, & Kenyon, and Powers Kirn, LLC, attorneys; Michael D. Mezzacca, of counsel and on the brief; Jeanette J. O'Donnell, on the brief).

PER CURIAM

Defendants Guadalupe Bernardez-Hicks (G. Hicks) and Bernard E. Hicks (B. Hicks) appeal from a September 1, 2017 foreclosure judgment entered in favor of plaintiff U.S. Bank National Association as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2016-C, Mortgage-Backed Notes, Series 2016-C (U.S. Bank).[1] Defendants' arguments center on allegations

---

[1] In their amended notice of appeal, defendants specified that they were appealing from six orders entered by three judges, in addition to the judgment of foreclosure. In their brief, they discuss four orders, granting summary and final judgment and denying reconsideration, which we consider in this opinion. Any issues with other orders not briefed are deemed waived. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

of forgery of the mortgage and defective assignments. The trial court found that defendants failed to prove the signature of B. Hicks on the mortgage was forged and failed to establish a genuine issue of material fact regarding plaintiff's prima facie right to foreclose. We affirm.

## I.

This matter, as many foreclosures, has a complicated procedural history.[2] We relate the most significant parts. On July 27, 1994, defendants purchased a residence in Bloomfield as a married couple. Defendants filed for Chapter 7 bankruptcy in March 2000 with the United States Bankruptcy Court, which was terminated in December 2000. The parties divorced in October 2000.

On November 6, 2006, according to plaintiff's documents, G. Hicks executed a note in favor of Gateway Funding Diversified Mortgage Services L.P. DBA Ivy Mortgage (Gateway Funding) in the amount of $226,751. On that same day, both defendants executed a mortgage on the Bloomfield property, in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Gateway Funding, which was recorded on November 29, 2006.

---

[2] We have considered only documents available to the trial court as set forth in our September 20, 2019 order.

Prior to the filing of the foreclosure complaint, MERS, as nominee for Gateway Funding, assigned the note and mortgage on September 26, 2011, to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, (Bank of America), which was recorded on October 20, 2011. Bank of America assigned the note and mortgage on February 7, 2014, to the Secretary of Housing and Urban Development (HUD), which was recorded on May 9, 2014. HUD subsequently assigned the note and mortgage to Bayview Loan Servicing, LLC (Bayview), the original plaintiff, which was recorded on June 17, 2014.

G. Hicks defaulted on the $1377.77 monthly payment due August 1, 2010. Defendants claim, without documentary evidence, to have sent further payments totaling $8000, but the checks were "lost" by Bank of America. Plaintiff mailed G. Hicks a notice of intent to foreclose dated April 18, 2014.

After the foreclosure complaint was filed on September 16, 2014, Bayview assigned the note and mortgage to Bayview Dispositions, IIIa LLC, which was recorded on December 3, 2014. Bayview Dispositions then assigned the note and mortgage to Great Ajax Operating Partnership L.P. (Great Ajax), which was also recorded on December 3, 2014. Shortly thereafter, Great Ajax assigned the note and mortgage to U.S. Bank National Association, as Indenture

A-4458-17T4

Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2014-B, Mortgaged-Backed Notes, Series 2014-B, (U.S. Bank N.A., as Trustee Series 2014-B), which was recorded on December 9, 2014. U.S. Bank N.A., as Trustee Series 2014-B, assigned its interest in the note and mortgage to plaintiff U.S. Bank, by assignment dated November 14, 2016 and recorded in Essex County on November 29, 2016.

On September 16, 2014, Bayview filed a foreclosure complaint against defendants. On February 19, 2015, the court denied defendants' motion to dismiss and ordered counsel to accept service for B. Hicks, and denied Bayview's cross-motion for order to substitute plaintiff without prejudice.

Defendants' motion for reconsideration was denied on June 11, 2015. On March 4, 2016, Bayview filed a motion to substitute plaintiff and motion for summary judgment with attached certifications and exhibits from Nicole Whitmer, Linda Percoco, Michael D. Mezzacca, and Rebecca Giudici. Defendants filed a cross motion for summary judgment, partial summary judgment and various forms of relief. On May 5, 2016, Bayview filed supplemental certifications and exhibits from Naomi Hernandez, Paige Bellino, and Mezzacca.

A-4458-17T4

The court issued an order and written opinion on June 27, 2016, granting Bayview's motion for summary judgment, denying defendants' cross-motion, and granting substitution of Bayview with U.S. Bank N.A., as Trustee Series 2014-B. Defendants filed an unsuccessful motion for reconsideration.

On January 19, 2017, the court entered an order substituting U.S. Bank N.A., as Trustee Series 2014-B with current plaintiff U.S. Bank. Defendants filed other unsuccessful motions in January and February 2017. The final judgment and writ of execution were entered on September 1, 2017.

A stay of the sheriff sale was granted five times. Defendants' final application for a stay was denied on June 4, 2018, and they subsequently unsuccessfully sought to set aside the sheriff's sale.

II.

We review a trial court's decision to grant or deny a motion to dismiss de novo. Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017). We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). "Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289,

299 (App. Div. 2009). In reviewing summary judgment motions, we "view the 'evidential materials . . . in the light most favorable to the non-moving party.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). However, "an adverse party may not rest upon the mere allegations or denials of the pleading . . . [to show] that there is a genuine issue for trial." R. 4:46-5(a).

A trial judge's evidentiary decisions made in the context of a summary judgment application are reviewed under the abuse of discretion standard. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010). "A certification will support the grant of summary judgment only if the material facts alleged therein are based, as required by Rule 1:6-6, on 'personal knowledge.'" Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599 (App. Div. 2011).

"As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt" in order to have "standing to proceed with the foreclosure action." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Ford, 418 N.J. Super. at 597). However, "either possession of the note or an assignment of the mortgage that predated

the original complaint confer[s] standing." Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

## III.

Defendants argue that plaintiff should have been denied relief due to: "(a) a forged mortgage; (b) an invalid set of assignments (2011-2014); (c) non-possession of the note; (d) conflicts in the transfers; and (e) false certifications."

The trial court made the following finding on the record:

> I don't find any basis under Rule 4:6-2 or otherwise to dismiss the complaint. . . .
>
> Plaintiff's complaint in short alleges a cause of action for foreclosure sufficient to survive this motion to dismiss. It sets forth the information required by Rule 4:64-1B. It alleges facts that if proven will establish plaintiff's prima facie right to foreclose that a note and mortgage were executed. That there was a default under the terms of the loan. That plaintiff has possession of the note and assignment of mortgage and that notice requirements of the Fair Foreclosure Act have been complied with. This is enough under [Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989)].
>
> Now, assuming for purposes of this motion only that [B. Hick's] signature on the mortgage and perhaps various other documents was forged this would not render the note and mortgage void as they pertain to [G. Hicks]. She admits executing both documents. The defendants apparently became tenants in common after their divorce and what we can tell through counsel they remain such. A tenant in common does have the right

to encumber his or her interests and even transfer same without consent.  But, of course we . . . realize that when a mortgage loan is made a lender [wants] to assure itself that it has . . . a lien that is good with respect to the entire property[.  T]he validity of the loan documents cannot be adjudicated today.  I cannot do that as a matter of law and therefore, there is no way I would dismiss the complaint.  These are obviously hotly contested facts.  If . . . there was a forgery, yes the instrument is void ab initio.  But . . . it is no more than a defense at this point.  And it will have to be demonstrated.

The motion court properly found that plaintiff's complaint was sufficient to establish a prima facie case although a number of factual contentions were in dispute.

Defendants argue that the January 26, 2015 certification of co-counsel Michael Mezzacca was defective because it was not certified "under penalties of perjury" or "with normal language in a New Jersey certification."  In addition to the certification, defendants also argue that the complaint was defective because it was "written in a style that no pro se party could comprehend," it did not contain the value or amount of the debt involved, and was not in compliance with the requirements of Rule 4:64-1(b)(10) detailing the contents of mortgage foreclosure complaint.

A-4458-17T4

Defendants claim that there is "one key assignment" allegation in the complaint that is invalid on its face: the September 26, 2011 assignment. The complaint states:

> 4. The Plaintiff is the holder of the obligation, and the mortgage referred to in paragraph 2 above was assigned as follows:
>
> 4-a. [MERS] as nominee for [Gateway Funding] assigned its mortgage to [Bank of America] by assignment recorded on October 20, 2011 in Assignment Book 12332 at page 5996 in the aforesaid office.

The assignment of mortgage dated September 26, 2011, states:

> For [v]alue [r]eceived, the undersigned holder of a [m]ortgage (herein "Assignor") whose address is 3300 S.W. 34TH AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign, transfer and convey unto [BANK OF AMERICA], whose address is 400 NATIONAL WAY, SIMI VALLEY, CA 93065 all beneficial interest under that certain [m]ortgage described below together with the [n]ote(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said [m]ortgage.

MERS is listed as the undersigned and Gateway Funding is listed as the original lender.

Defendants argue that the original assignment neither states that "[Bank of America], etc. is the assignee," nor that "MERS is assigning 'solely as

10

nominee' of Gateway, which is fatal to the legal effect of the assignment, making the complaint allegation and all else false."  They assert that the September 2011 assignment should have been signed by a MERS "officer" on behalf of " [MERS] solely as nominee for [Gateway Funding]" instead of having MERS alone as the assignor.  Defendants argue that while the court acknowledged this defect and advised that it should be corrected, the court only denied the motion to substitute without prejudice instead of dismissing the case.

The court properly found, as it did during the initial denial of defendants' motion to dismiss, that issues of fact regarding standing, fraud and forgery claims needed to be explored in discovery.  The court stated:

> Plaintiff is not required to conclusively prove it has standing when filing the complaint or on a motion to dismiss for failure to state a claim.  All that is required is that the facts alleged in the complaint, the validity, execution and delivery of the documents, the default and the right to foreclose.  The complaint here included all of the necessary elements for a foreclosure complaint as set forth in Rule 4:64-1(b)(1) [to] (13).  It complied with the court rule.  A court should accept all factual assertions made in the complaint as true and give every reasonable inference to the complainant.  According to Smith v. SBC Communications, 178 N.J. 265, 268 (2004).

> I mean in short there really is no basis to reconsider or to dismiss a complaint even if there is a legitimate issue about fraud and/or forgery, or whether there is a legitimate issue about standing.  That is

properly dealt with once an answer has been filed. Discovery is undertaken as part of case management and a motion for summary judgement is made. That's the first time the court really gets a chance to vet those issues. . . . There's no new evidence sufficient to require reconsideration and there's nothing further for the [c]ourt to reexamine from the last time.

The court did not abuse its discretion in denying defendants' motion for dismissal, nor in denying reconsideration.

IV.

Defendants argue that plaintiff's March 4, 2016 motion for summary judgment was defective because the material presented was "almost wholly concerned with the irrelevant child support obligations of [B. Hicks], failed to adequately cite the record and had blank spaces left to fill in, in the form of the identity of who was going to be certifying certain evidence," and failed to meet Rule 4:46-2(a) and (b). They assert that plaintiff did not submit any "real facts" and the court was "entirely dismissive of the importance of this defect and made an inaccurate assessment."

Defendants argue that the court first erred by accepting an August 27, 2015 certification, which failed to satisfy Rule 4:64-2(c), from a witness in Oregon on March 4, 2016, and then subsequently erred by permitting plaintiff to submit an undated certification by another witness on May 3, 2016, to replace

the previous certification. They argue that, other than these "hearsay certifications," there was "no evidence that non-appearing Gregory Funding serviced the loan."

Defendants assert that on three court dates, November 10, 2014, January 27, 2015, and March 4, 2016, the "affiants" were alleged as employees for Gregory Funding, appearing for U.S. Bank, although Bayview was still the alleged party and substitution had not occurred yet. Defendants argue that the "use of an agent for a non-substituted party was void."

The court made the following finding with regard to the certifications:

> Both of these certifications comply with [Rule] 1:6-6 and the business records exception to hearsay. However, for purposes of this motion, the [c]ourt will rely on the Hernandez [c]ertification because it is "sworn to not more than 90 days prior to its presentation to the court" in accordance with [Rule] 4:64-2(c). The Hernandez [c]ertification clearly provides competent evidence in support of [p]laintiff[']s summary judgment motion. Hernandez certifies that she is a [l]itigation [s]pecialist for Gregory Funding and that Gregory Funding is U.S. Bank's servicer with access to the loan files and records of U.S. Bank. . . . Hernandez further certifies that Gregory Funding, on behalf of U.S. Bank, keeps and maintains its loan files and records during the regular course of its business. . . . In addition, Hernandez, in compliance with [Rule] 1:6-6, certifies that she has personally reviewed the records in this case and has personal knowledge of the relevant facts based on her review of U.S. Bank's business records. . . . Hernandez further explains that Gregory Funding's

records were integrated with the prior servicer (and original [p]laintiff), Bayview Loan Servicing, and thus she has access to Bayview's records as well. Accordingly, the [c]ourt finds that the Hernandez [c]ertification complies with the requirements of [Rule] 1:6-6, and satisfies the business records exception.

Defendants dispute the accuracy of the following statement from the court's written opinion: "Accordingly, [d]efendants have produced no original signature exemplars that predate this controversy, or other documents which were signed by [B. Hicks] in connection with this loan or other loans, from which this [c]ourt would have the ability to make a finding of fact."

After analyzing the evidence brought forth by defendants, the court determined that defendants "failed to produce any evidence during discovery to support their claim that [B. Hicks'] signature was forged." The court pointed out that when plaintiff requested signature exemplars from B. Hicks, he did not provide a sample and instead, referred plaintiff to a signature at the end of defendants' response to interrogatories and in photocopies on other documents. Citing N.J.S.A. 2A:82-1, the court found that B. Hicks' signature on the interrogatories or on a photocopy form would be inadmissible because they were not "original signature exemplars that predate[d] this controversy." As a result, the court concluded that defendants failed to provide the "requisite proofs to establish a forgery."

Furthermore, defendants argue that the court "sidestepped the questionable notarization on the mortgage without holding a hearing," and its assessment was erroneous. They argue that the March 4, 2016 certification was unsigned and "vague and ambiguous" as to the notary's memory of what had happened. Defendants claim that the notary's stamp was used to notarize the mortgage when the notary was not present.

In response to this argument, the court cited to the notary requirements set forth under N.J.S.A. 46:14-2.1 and the presumption of validity once the notary signs the certificate of acknowledgement. The court found that defendants failed to rebut the presumption of validity as to the notarized signature and the argument was "pure speculation."

Defendants also question the authenticity of the note. The court made the following finding:

> Defendants claim that there are different versions of the [n]ote and thus the [c]ourt cannot rely on the [n]ote presented with this motion. However, after considering the arguments made by both parties, it is apparent that [d]efendants' claim is unsupported by the facts in the record. Defendants were clearly provided with copies of the [n]ote at different stages of its possession. A review of these copies show that one contained the indorsement of only the original lender while the other versions contain additional indorsements but not the allonge. However, [p]laintiff corrected this problem by clarifying that the original,

A-4458-17T4

complete [n]ote does contain an allonge, and have submitted a complete version with the allonge attached along with its moving papers and the Hernandez [c]ertification. . . . Defendants have inspected the original [n]ote with the allonge and [p]laintiff has also brought it into this [c]ourt for further inspection by [d]efendants. There is a presumption of validity as to these documents. Garden State Bank v. Graef, 341 N.J. Super. 241, 245 (App. Div. 2001). None of the other "versions" of the [n]ote provided by [d]efendants differ on their face from the copy plaintiff submitted. Thus, it is reasonable to conclude that the different version of the [n]ote are from various stages of assignment of the loan. In fact, it is also reasonable to conclude that the allonge was omitted from the discovery submission. When the [c]ourt observed the original [n]ote submitted by [p]laintiff at oral argument, this version too had an allonge attached. Accordingly, there is no material question of fact that the [n]ote submitted by [p]laintiff in support of its motion for summary judgment is the original and only [n]ote in connection with this loan.

The court provided a thorough analysis of the issues raised by defendants in a lengthy thirty-two-page opinion. The court's findings of fact are supported by the record and it did not err in granting plaintiff's motion for summary judgment. We affirm substantially for the reasons set forth in that September 1, 2017 opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-4458-17T4