**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3285-21

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

HMP, LLC, d/b/a MEADOWLANDS
PLAZA HOTEL, and CARL
DECAVALCANTE,

    Defendants-Respondents,

and

YUNIOR A. LORA,

    Defendant.

_____

Argued November 14, 2023 – Decided December 7, 2023

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-013551-21.

Robert J. Triffin, appellant, argued the cause pro se.

Anthony G. DelGuercio argued the cause for respondents HMP, LLC and Carl DeCavalcante (Gaccione Pomaco, PC, attorneys; Anthony G. Del Guercio, of counsel and on the brief).

PER CURIAM

Plaintiff Robert J. Triffin appeals from an April 5, 2022 order dismissing his complaint with prejudice. Plaintiff also appeals from a May 13, 2022 order awarding frivolous litigation sanctions in favor of defendants HMP, LLC d/b/a Meadowlands Plaza Hotel (HMP) and Carl DeCavalcante.[1] We affirm the orders on appeal.

We recite the facts from the testimony presented to the trial judge during the one-day virtual bench trial. On or around February 14, 2020, HMP issued a payroll check, number 22332 (check), in the amount of $116.92 to HMP's then-employee, defendant Yunior A. Lora. Lora electronically deposited the check into his account on or around February 14, 2020 at Valley National Bank (Valley) by way of a mobile deposit.

Subsequent to Lora's mobile deposit of this check, he indorsed the same check to Friendly Check Cashing Corp. (Friendly) and Friendly paid Lora.

---

[1] Prior to the start of the trial, plaintiff dismissed his claims against DeCavalcante with prejudice.

Because the check presented to Friendly was the very same check Lora deposited electronically with Valley, HMP's bank refused to pay Friendly on the check.

In June 2020, plaintiff entered into a written assignment agreement with Friendly. Pursuant to that agreement, plaintiff purchased Friendly's rights, title, and interest to the dishonored check.

On December 10, 2021, plaintiff filed an action in the Special Civil Part against defendant HMP pursuant to N.J.S.A. 12A:3-414(b) to recover payment on the check dishonored by Valley and associated fees. In the complaint, plaintiff asserted acceptance of the dishonored check invalidated the transaction under N.J.S.A. 12A:3-201(b), and defendants were liable for payment. Specifically, plaintiff alleged "Lora electronically deposited the check [he] received from . . . HMP with an endorsement that is not enforceable under the terms of Lora's electronic depository agreement with [his] referenced bank."

Prior to filing an answer, defense counsel served a Rule 1:4-8 letter dated January 24, 2022, demanding plaintiff dismiss the matter with prejudice. The letter set forth reasons why the complaint must be dismissed, including that the very same arguments asserted in plaintiff's complaint against HMP were rejected by another appellate panel. Plaintiff did not respond to HMP's letter.

In its January 27, 2022 answer to plaintiff's complaint, HMP asserted Lora electronically deposited the check with Valley before attempting to cash the same check at Friendly. Additionally, defendants claimed plaintiff was collaterally estopped from asserting HMP's acceptance of the check was improper under Triffin v. SHS Group, LLC, 466 N.J. Super. 460 (App. Div. 2021).

During discovery, defendants produced evidence of Lora's mobile deposit of the check with Valley. Defendants also provided proof that Valley paid the check before Lora attempted to negotiate the check with Friendly.

The trial proceeded virtually on April 5, 2022. Plaintiff testified on his own behalf and called one witness at trial. According to plaintiff, he purchased Friendly's rights related to the dishonored check. Plaintiff then called an employee of Friendly, Jose Fernandez, III, to testify about the dishonored check. However, the judge sustained defense counsel's objection to testimony about the dishonored check because Fernandez lacked personal knowledge regarding that check. Plaintiff never succeeded in having the check admitted as evidence during the trial.

HMP's counsel called its general manager, Nicholas Cimorelli, to testify. Cimorelli testified he approved "every check that leaves the office," and

therefore had personal knowledge of the subject check. He confirmed HMP issued the check to Lora and received a photocopy of the check after it was cashed. After plaintiff contacted HMP regarding the check, Cimorelli requested and received a copy of the check from Valley. Through his testimony, Cimorelli established the check was "the copy that [Valley] cashed. That was the copy that came with our bank statement." Because HMP's counsel laid a foundation for the documents, the judge overruled plaintiff's objection and admitted the check and bank statement in evidence.

After considering the parties' closing arguments and reviewing the testimony and documents, the judge rendered detailed findings of fact and conclusions of law. She found HMP was not liable for payment on the dishonored check. The judge determined Valley paid the check issued by HMP to Lora on or around February 14, 2020. She further concluded that when Lora thereafter presented the check to Friendly for payment, the check had already been cashed and paid in full.

The judge set forth her credibility findings as well. She found Cimorelli's testimony credible and consistent. On the other hand, she found plaintiff's testimony lacking both credibility and consistency. Specifically, the judge explained plaintiff "tr[ied] to suggest that he had no awareness [the] mobile

deposit happened prior to filing this complaint." In rejecting plaintiff's testimony in this regard, the judge noted plaintiff's complaint proved plaintiff had notice of Lora's prior mobile deposit. The judge further stated there was no credible evidence establishing Lora's actions after Valley accepted the mobile deposit. Thus, the judge dismissed plaintiff's complaint with prejudice.

In addition to dismissing the complaint, the judge granted HMP's request for leave to file a motion for sanctions based on plaintiff's filing a frivolous lawsuit. HMP filed its motion on April 19, 2022, asserting plaintiff's complaint was not filed in good faith and lacked any factual or legal support. Specifically, HMP contended plaintiff's claims were legally barred under N.J.S.A. 12A:3-305(a)(2), N.J.S.A. 12A:3-414(c), and Triffin v. SHS Group, LLC.

Plaintiff opposed the sanction motion. However, in his response to the motion, plaintiff did not dispute defendants' payment on the check. Nor did plaintiff deny he had personal knowledge of defendants' payment when he filed the complaint. Instead, plaintiff asserted the copy of the check admitted as evidence during the trial violated 12 U.S.C. § 5003(b).

On May 13, 2022, the judge heard argument on HMP's sanction motion. The judge granted the motion, finding plaintiff had actual knowledge prior to filing his complaint that Lora electronically deposited the check at Valley and

6

thus the check had been paid by HMP prior to Lora's presentation of the check to Friendly. The judge stated plaintiff "knew or should have known that the complaint that he filed was without any reasonable basis in law or equity." She also noted that prior to plaintiff filing the complaint against defendants, the Appellate Division issued a decision in <u>Triffin v. SHS Group, LLC</u> rejecting identical arguments presented by plaintiff. After determining the fees requested by HMP were reasonable, the judge entered an award of $11,519.84.

On appeal, plaintiff argues the judge erred in dismissing his complaint with prejudice. He also challenges the judge's evidentiary ruling during the trial, asserting those rulings assumed facts not in evidence and lacked the required findings of fact and conclusions of law under <u>Rule</u> 1:7-4. Additionally, plaintiff asserts the judge erred in awarding frivolous litigation sanctions in favor of defendants. We reject these arguments.

We apply a deferential standard when reviewing factual findings made by a trial judge after a bench trial. <u>Balducci v. Cige</u>, 240 N.J. 574, 594-95 (2020). "[We] give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." <u>Griepenburg v. Twp. of Ocean</u>, 220 N.J. 239, 254 (2015). A trial court's findings of facts will be accepted unless the "findings are 'manifestly unsupported' by the 'reasonably

credible evidence' in the record." Balducci, 240 N.J. at 595 (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)).  However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference[,]" Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), and are reviewed de novo, T.L. v. Goldberg, 238 N.J. 218, 228 (2019).

We also defer to a trial court's evidentiary ruling absent an abuse of discretion.  Rowe v. Bell & Gossett Co., 239 N.J. 531, 551 (2019).  We do so because "the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion."  Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010).

We review a trial court's imposition of sanctions for abuse of discretion. Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing R. 1:4-8).

We begin our discussion by noting plaintiff's same arguments were previously addressed in Triffin v. SHS Group, Inc.  In that case, we rejected the plaintiff's argument that the lack of a specific endorsement on an electronically deposited check prevented a valid transfer and negotiation of the check.  466 N.J. Super. at 468-69.  Additionally, we agreed with the trial judge that payment

of a check resulting from an electronic deposit supported the defendants' prior payment defense. Id. at 469-70.

Here, HMP was the drawer of its former employee's payroll check. See N.J.S.A. 12A:3-103(a)(3). Valley was the depository bank. See N.J.S.A. 12A:4-105(b). Lora initially deposited the check electronically into his account at Valley. Valley accepted Lora's mobile deposit and Lora received payment via HMP's payroll account consistent with N.J.S.A. 12A:4-205. Based on the unrefuted evidence and banking records, Valley was the first to deposit the check via mobile deposit. Because HMP proved its prior payment defense regarding the dishonored check, plaintiff did not have a right to payment under N.J.S.A. 12A:3-308(b) and N.J.S.A. 12A:3-414(c).

Consistent with our decision in Triffin v. SHS Group, Inc., the judge correctly concluded the check was electronically deposited by Lora at Valley before Lora then attempted to cash the same check at Friendly. Thus, she found HMP established a valid prior payment defense.

We next address plaintiff's arguments that the judge erred in dismissing his complaint because she failed to make findings of fact and conclusions of law and admitted defendants' copy of the check in evidence contrary to 12 U.S.C. § 5003(b). We reject these arguments.

Nothing in 12 U.S.C. § 5003(b) supersedes or modifies the New Jersey Rules of Evidence governing the admissibility of documents at trial. To the contrary, the Code provisions are aimed at facilitating commerce and have no bearing on evidentiary matters. Plaintiff failed to provide any support for his argument that Congress's adoption of 12 U.S.C. § 5003(b) was intended to supersede, modify, alter, or override a state's evidentiary rules.

Moreover, N.J.R.E. 1001(c) permits a computer printout of a document from a bank's website or database to be deemed an original document for admission of the document as evidence. See Garden State Bank v. Graef, 341 N.J. Super. 241, 245 (App. Div. 2001). HMP's witness testified he personally issued the check admitted as evidence at trial and personally printed a copy of the check from Valley's website.

Further, the check was admissible under N.J.R.E. 1003 as a duplicate based on the unrebutted testimony of HMP's trial witness. Rather than challenge the authenticity of the check, plaintiff, citing 12 U.S.C. § 5003(b), argued the lack of language on the check, stating "This is a legal copy of your check. You can use it in the same way you would use the original check," precluded admission of the document as evidence. As we previously stated, nothing in 12

10

U.S.C. § 5003(b) overrides New Jersey's evidence rules governing the admissibility of documents.

We also reject plaintiff's argument the judge failed to follow <u>Rule</u> 1:7-4 in rendering her evidentiary rulings during the trial. <u>Rule</u> 1:7-4(a) provides:

> The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . ., on every motion decided by a written order that is appealable as of right
> . . . .

During the trial, the judge set forth her evidentiary rulings on the record. Although plaintiff was dissatisfied with the judge's evidentiary rulings, he never requested that the judge amplify her rulings on his evidentiary objections.

"As a general rule, admission or exclusion of proffered evidence is within the discretion of the trial judge whose ruling is not disturbed unless there is a clear abuse of discretion." <u>Dinter v. Sears, Roebuck & Co.</u>, 252 N.J. Super. 84, 92 (App. Div. 1991). Having reviewed the judge's evidentiary rulings during the course of the trial, we are satisfied her rulings did not constitute a clear abuse of discretion.

We next address plaintiff's argument the judge erred in granting frivolous litigation sanctions against him. He asserts, 12 U.S.C. § 5003(b), in accordance

11

with the Supremacy Clause of the United States Constitution, supersedes New Jersey law governing sanctions.  We reject his argument.

A court may award reasonable counsel fees and litigation costs to a prevailing party in a civil action if the court determines the complaint is frivolous.  N.J.S.A. 2A:15-59.1.  A claim is considered frivolous when there is "no rational argument" that "can be advanced in its support" and it is "not supported by any credible evidence" or is "completely untenable."  Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div. 1999).  The party seeking fees and costs bears the burden of proving bad faith.  Bove v. AK Pharma Inc., 460 N.J. Super. 123, 151 (App. Div. 2019).

Rule 1:4-8 supplements N.J.S.A. 2A:15-59.1.  Under Rule 1:4-8(b)(1), the moving party must send a notice and demand, which shall:

> (i) state that the paper is believed to violate the provisions of this rule[;]
>
> (ii) set forth the basis for that belief with specificity[;]
>
> (iii) include a demand that the paper be withdrawn[;] and
>
> (iv) give notice, except as otherwise provided herein, that an application for sanctions will be made within a reasonable time thereafter if the offending paper is not withdrawn within 28 days of service of the written demand.

Here, HMP sent a letter to plaintiff pursuant to Rule 1:4-8. In reviewing the arguments regarding HMP's motion for sanctions, the judge found plaintiff failed to provide any substantive defense to counter HMP's Rule 1:4-8 letter. In fact, the judge noted "plaintiff admitted that he had knowledge that the check was electronically deposited and paid by HMP" when he filed his complaint.

In awarding the fee amount, the judge set forth a detailed review and evaluation of billable hours expended by HMP's counsel. After a thorough review, she found the fees requested by counsel to be reasonable and appropriate. As our Supreme Court has held, "fee determinations by trial courts will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Here, the judge reviewed "a number of invoices that were submitted in support of [HMP's counsel's] request for attorney's fees." She concluded "all of the work that was done in this particular matter," as outlined "very specifically" by HMP's counsel, was reasonable. Thus, the judge awarded the sum of $11,519.84, finding the amount "well supported" by HMP's application for sanctions under N.J.S.A. 2A:15-59.1 and Rule 1:4-8. We discern no abuse of discretion in the judge's awarded amount.

13

Any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3285-21